HUBBELL vs. DENISON & BUCKLEY.

An *attachment* does not lie against a vessel, under the statute authorizing summary proceedings against ships and vessels, at the suit of a *sub-contractor* for work done and materials found at the request of the *builder* of the vessel. An attachment lies only when the debt is contracted by the owner, agent, master, or consignee of the vessel; the builder is neither.

PROCEEDINGS against ships and vessels. *Aaron Hubbell* the plaintiff in this cause, sued out an attachment against the schooner Columbus : The defendants gave bond to obtain the discharge of the vessel when the plaintiff commenced a suit against them, and declared that on &c., at &c., he had a debt of $138.50 due to him, contracted by *Stephen A. Hubbell*, the *master-builder*, *owner*, and *contractor for building* a certain schooner or vessel called the *Columbus*, for the work and labor of himself and servants done and performed upon the schooner, and for materials found at the request of the said *Stephen A. Hubbell*. The plaintiff then set forth the issuing of a warrant, the seizure of the vessel by virtue thereof, and the giving of the bond by the defendants, and alleges non-payment of his claim, &c. The defendants pleaded, 1. *Nil debet;* 2 *Unskillfulness* and *negligence* in performance of the work done by the plaintiff; and 3. That the plaintiff's debt was not a *subsisting lien.* Issue having been joined, the cause was sent to referees. The plaintiff proved that he caulked the vessel, and that the work was worth about $130, and that he was employed by *Stephen A. Hubbell*, who it appeared had no interest or concern in the vessel other than as *builder.* On this ground the defendants moved for (what in the report is called) a *nonsuit*, which was refused by the referees, for the reason assigned by them, that the *builder* for the time being was the *master* of the vessel, and that the work having been done, and materials found at his requst, the *lien attached.* The defendants proved that the work had been negligently done, and gave evidence of damages sustained by them ; and the refer-

ees after making a deduction for the bad workmanship, reported in favor of the plaintiff to the amount of $76.03. The defendants move to set aside the report.

*J. Clarke,* for the defendants.

*R. Lansing & G. C. Sherman,* for the plaintiff.

*By the Court,* Cowen, J. The report is well enough provided there was a lien. The statute upon which the action was brought, gives this remedy only in case of *lien,* and declares when that shall attach. It is thus : " Whenever a debt amounting to fifty dollars or upwards, shall be contracted by the *master, owner, agent* or *consignee* of any ship or vessel within this state, for either of the following purposes : 1. On account of any work done, or materials or articles furnished in this state, for or towards the building, repairing, fitting, furnishing, or equipping such ship or vessel. 2. For such provisions, &c. as may be fit, &c. 3. On account of the wharfage, &c. such debt shall be a *lien* on such ship or vessel, her tackle, &c., and shall be preferred to all other liens thereon, except mariner's wages."

The declaration avers that the debt was contracted by *S. A. Hubbell, the master, builder, owner, and contractor for building the vessel.* The proof is, that he was *not owner;* for he had assigned all his interest, and stood in the simple relation of a man hired to build. On its being objected that the debt was not contracted by either the *owner, agent, master* or *consignee,* within the statute, the referees overruled the objection, and proceeded on the ground that the labor was done and materials found, under the direction or by the consent of *the builder,* who, *for the time being, was the master.*

Clearly he was not *agent;* for he had no power to bind the owners, but only himself personally. He is still farther removed from the character of *consignee,* which neither the declaration nor proof sought to fix upon him. Was he the *master of the vessel* within the sense of the statute ? What is a *master* ? " He is," says Hobart, C. J. " the person entrusted with the ship and voyage ;" and may as such implicitly raise certain liens upon

Hubbell *v.* Denison.

the ship. He may even impawn the ship in case of extremities, for money to relieve against her distress, as the want of repairs, victuals, &c. *Bridgeman's case, Hob.* 11, 12. *Moor,* 918, *S. C.* He is not only one, says Molly, who for his knowledge in *navigation,* fidelity and discretion, hath the government of the ship committed to his care and management ; but the law looks upon him as an officer, who must render and give an account of the whole charge, &c. *Mol. De Jur. Mar. B.* II. *ch.* 2, § 1. " Few individuals," says Jacobsen, " in any relation, have so extended a *mandatum præsumptum* conferred upon them, as ship-masters." *Jacobs. Sea Laws, B.* I. *ch.* 1, *p.* 82, *of Balt. ed. of* 1818. And maritime law permits the owner to dismiss the master at any time, even if he is part owner. The agreement between the owner and master is, that the latter will faithfully discharge every duty incumbent on him, render a satisfactory account, &c. and that he shall be secured in all his advances that do not exceed the value of the vessel, &c. *Id. p.* 87. " The master of the vessel," says Roccus, " is he to whom the care of the vessel is entirely confided. To his charge and direction the whole of the ship and every thing that belongs to her, and the mariners, are committed." *Ing. Roc.* 17, *note* 3. Thus the business of the master, as it has always been understood both by the civil and common law, is to command the ship on her voyage, under an appointment from the owners, in the discharge of which duty he possesses an extensive implied power as agent to bind the owners, himself being bound to the strictest responsibility. The statute might well allow such an officer to incur liens, without intending that a like authority should be vested in a mere master-builder. There is no analogy in their powers. The builder in the case at bar, did not possess even the narrowest agency, express or implied, to bind the owners. He was but a contractor, the plaintiff being one of his hands, who is confined to a remedy against his employer, personally. The builder is neither within the words, nor the reason, nor equity of the act.

The report of the referees must therefore, be set aside.