Gardiner, J.
 

 The defendant insisted, that the application by the plaintiff before Judge Edmonds was not sufficient to confer jurisdiction; first, because it set forth the debt to have been contracted by E. C. Driggs, master, owner or agent, without specifying the articles. The 3d section of the statute “for the collection of demands against ships and vessels” provides, that an application may be made by any person having a debt or demand specified in the first section, to any officer, &c., for a warrant. The 4th section declares that such application shall be in writing and shall specify: 1. By whom such debt was contracted: 2. The items composing such debt. # *The petition in this case states positively the J amount of the debt, and that the same was contracted by E. S. Driggs; the person by whom the debt was contracted is designated, and the vessel on account of which the demand was created. The relation in which the contractor stood to the vessel is stated as that of owner, master or agent, either of which would authorize him to bind the vessel by a debt contracted on her behalf and for her use. Driggs might have acted in all these capacities; he might have been part-owner, master in fact, and agent for the other proprietors; and it seems to me, that the creditor is not bound, at his peril, to determine in which character he acted. The credit, in those cases is, in truth, given to the vessel, and it may be difficult, if not impossible, for the creditor to ascertain the particular relation in which the person having the control stands to the vessel for which he obtains supplies or materials. In this case, Pendleton sues the general owners. Driggs and others had chartered the steamboat for three years; Driggs had charge of her, and was called captain, from the 16th of January, but was not actually elected to that office, until the 10th March 1845, after one-half the debt had been incurred, while the account itself was charged, in the ordinary mode, to " steamboat Virginia and owners.”
 

 Supposing the plaintiff to have known all the facts, as it is plain that he did not, it would have been a question of some difficulty for him to have decided, even under legal advice, as to the precise capacity in which Driggs ordered the various articles, at the different times mentioned in the account. In giving, in his petition, the
 
 *511
 
 person assuming to contract the debt for the vessel for which the supplies were furnished, and having the authority for that purpose on the part of the contractor, as master, owner or agent, the plaintiff has, I think, sufficiently complied with the statute upon this point, so far as relates to the question of jurisdiction.
 

 The case of
 
 People
 
 v.
 
 Recorder of Albany
 
 (6 Hill 429) is distinguishable from the present. There, the statute required, that the applicant should give satisfactory evidence to the officer, establishing “that the defendant had some interest in any public *or corporate stock, money or evidence of debt, which he re- L fuses to apply to the payment of the judgment,” &c. It was held, that the creditor must designate the particular species of property on which the charge was founded, if in his power. Even that case, which certainly demands great strictness, does not require that the nature of the debtors’ interest should be established, but only the subject to which that interest appiied. In this case, as we have seen, the vessel, the subject for which the supplies were procured, and the contractor are stated, but the precise character of his agency is omitted, for the above reason that authorized a like omission as to the interest of the debtor in the ease cited.
 

 Second. The statute requires the petition to state “ the items composing the debt.” The petition accordingly states that the debt was contracted for materials furnished to the steamboat Virginia, at the port of New York in this state, and that the account annexed contains the items composing said debt; such account is attached, containing in detail the articles and the times when furnished. The word
 
 material
 
 imports the substance or matter of which anything is made. (Webster.) The proceedings are unobjectionable, therefore, in this respect.
 

 Lastly, it was contended, that this was not a ship or vessel within the meaning of the statute. It was held
 
 *512
 
 in 5 Hill 35, that the act relates to ships and vessels which are required to have a coasting license under the laws of the United States; and by these laws vessels of twenty tons are to be licensed. (1 U. S. Stat. 305.) This steamboat was built abroad, of 340 tons burden; she was used as a vessel, enrolled, navigated and chartered as such, and recognised as a vessel in the bond given by the defendant, upon which this action is founded. The judgment of the superior court should be affirmed.
 

 Judgment affirmed.
 
 [1]
 

 [1]
 

 For the decision of Judge Edmonds, on motion to discharge one of the attachments against the Virginia, see Edm. S. C. 98.