## Case No. 14,322.

### UDELL v. The OHIO.

[29 Hunt, Mer. Mag. 717.]

Circuit Court, S. D. New York. Sept. 20, 1853.!

MARITIME LIENS — NEW YORK LIEN LAW — SUB-CONTRACTOR—MATERIAL FURNISHED—OWNER-SHIP OF BUILDING VESSEL.

[1. The New York statute (2 Rev. St. N. Y. p. 423, § 1) giving a lien to the furnisher of materials or work for the building, fitting, furnishing, equipping, or repairing of any vessel, when contracted for by the master, owner, agent, or consignee, does not apply to one who furnishes material to the builder who builds the vessel under the supervision and direction of the owner.]

[2. In order to bind the vessel it must be shown, since he clearly does not come within any other class, that the builder is the owner of the vessel until finished. *Held*, that in this case the contract for the building of the vessel shows clearly that the property in the vessel shall at all times be in the owner and not in the contractor.]

[Appeal from the district court of the United States for the Southern district of New York.]

Libel to recover value of materials furnished the builders of a steamship.

NELSON, Circuit Justice. The libel was filed in the court below by the appellant to recover the value of materials furnished the builders in the construction of the steamship Ohio, and the important question in the case is whether or not the ship is liable under the lien law of the state of New York; being a domestic ship, it is only under that law that she can be charged, if at all. The court below held that she was not liable, and dismissed the suit [Case No. 14,321a]. The case turns upon the effect of the contract made by the owners with the contractors to build the Ohio, in connection with the true construction of the state statute. The statute provides that "whenever a debt, amounting to fifty dollars or upwards, shall be contracted by the master, owner, agent, or consignee of any ship or vessel within this state, for either of the following purposes: 1. On account of any work done, or materials furnished in this state, for or towards the building, repairing, fitting, furnishing or equipping such ship or vessel, &c., such debt shall be a lien upon

such ship or vessel, her tackle, apparel and furniture, and shall be preferred to all other liens thereon, except mariners' wages." 2 Rev. St. N. Y. p. 423, § 1. The contract to build the Ohio was entered into by George Law and his associates, with the firm of Bishop & Simonson, ship builders, of the city of New York, on the 19th of October, 1847. The recitals contain a full and detailed description of the vessel, including size, model, and the materials with which she is to be constructed; and it is then agreed on the part of Bishop & Simonson, that they will construct, build and complete the ship, of the dimensions and materials mentioned in the specification, and in all particulars conforming to the specification, and to the directions that may be given by the superintendent thereinafter named, for the sum of $110,000; the ship to be launched on or before the 15th day of August next, and as soon as launched to be placed at the disposal of the said superintendent, for the purpose of receiving her engines and machinery, and thereafter to be fully completed as soon as the superintendent should require. They agree to furnish all the materials for the said ship, according to the specification, except such as the owners had agreed to supply; and in respect to every particular not named in the specification, they agree to construct of such materials as the superintendent shall direct. And the parties of the second part agree, that upon condition of the faithful performance of all things, on the part of the builders, to be performed, to pay the $110,000 by installments, as the materials are delivered and the work progresses, the first payment to be made when the keel is laid, and the other payments at the end of every month successively, therefor, and the amount respectively to be in the same proportion to the whole amount to be paid which the work done and the materials delivered, shall bear to the whole work and the materials required for the full performance of the agreement; and it is then agreed that George Law shall have the superintendence and direction of the building and construction of the ship.

The Ohio was launched on the 5th of August, 1848, and performed her first trial trip soon afterwards; and for aught that appears at this time the payment to the builders had all been made according to terms of the contract; and it was not till after this that the claim for materials was presented by the libelant against the ship. Now, the question in the case is, whether Bishop & Simonson, who contracted this debt with the libelant for the materials that entered into the ship in its construction, were, within the true meaning of the statute, "masters, owners, agents," or "consignees" of the Ohio, while thus engaged in building her? The heading of the statute is, "of proceedings for the collection of de-

¹ [Affirming Case No. 14,321a.]

mands against ships and vessels," and the terms used in the body of it describe persons connected with the navigation of ships, and standing in a relation to the same well known and understood in this branch of business. The terms at once indicate this relation to all persons engaged in commerce and navigation, and it is in this sense, I think, the court must understand them. in giving a practical construction to the statute. All the provisions of the act—and they are numerous—show that the framers of it must have used the terms in this sense; and hence it is proper to look to this branch of business to which the subject of the statute relates, in order to ascertain their true meaning. Now, bearing in mind this view of the statute, it cannot, I think, be pretended that Bishop & Simonson were masters of the Ohio, or agents or consignees of her. To hold either, it seems to me, would be absurd and a gross perversion of these terms; and the case, I think, comes down to the question whether or not they were owners in the sense of the provision. If they can be brought within either of the terms used, it must be this one. A contractor employed, generally, to build a vessel, furnishing all the materials, and to complete it at a given time at a price agreed upon, is doubtless the owner until the vessel is built and delivered. And under such a contract the lien of the material man would clearly enough attach, and if the case in hand is not distinguishable, the decree of the court below cannot be upheld. The demand of the libelant would be a debt contracted by the owner, and although the vessel may have been delivered, the lien would remain. The only limitation in the statute is, that the proceedings must be instituted before she leaves the port. Section 2. But in this case the contract is for the construction of a ship after a specified model and materials, to be built under the special superintendence and direction of one of the owners, and to be paid for from time to time as the work progressed and the materials were furnished; and I cannot doubt but that Law and his associates became the owners of it as the construction advanced and was paid for. Their interest as owners commenced when the keel was laid, and continued from that time down till the ship was launched, and passed into their full possession and control. It was not in the power of Bishop & Simonson, at any period of its construction, to sell it, nor could it have been subjected for the benefit of their creditors, except so far as they might have a lien for the current monthly installment. This, I think, is the legal effect of the contract.

It seems to me clear that the framers of the law did not intend that persons dealing with a mere contractor, divested of ownership, should have a lien on the vessel; for, if so intended, some provision would have been made for presenting the accounts with-

in a given time, as in case of the mechanics' lien law, so that the owner could have some means of ascertaining the demands, and protecting himself against imposition. No such provision is to be found here. The act simply provides that a debt contracted by the master, owner, agent, or consignee of the ship, for work done or materials furnished, shall be a lien upon her; not a debt incurred by the contractor to build. The latter would have been the natural phraseology if the case in hand had been within the contemplation of the legislature. An illustration of the repairs of a vessel. Suppose the owner contracts with the shipwright for these repairs in the terms of the contract in the present instance, no doubt the shipwright would have his lien under the act, for the debt would be a debt contracted by the owner, but could this be averred of the debts contracted by the shipwright with the material men? Certainly not upon consistent use of language. The statute has been before the supreme court of the state of New York, and the decision we have arrived at is in conformity with the views there expressed. The case is not very fully reported in respect to the facts, but the doctrine of the court in expounding the terms, "master," "owner," "agent," or "consignee," is fully in accordance with our view of the case. Hubbell v. Denison, 20 Wend. 181. The facts here exemplify the gross injustice that might result to the owners upon the contrary construction. The libelant was advised of the contract with Bishop & Simonson, at the time he was furnishing the materials, and of the terms of payment, and yet no steps were taken by him to arrest the payments and have them applied to his demand. I am satisfied, therefore, that the decree below is correct and should be affirmed. Van Pelt v. The Ohio [Case No. 16,870a], George Law and others, claimants. The decree of the district court affirmed. with costs to be taxed.

[An appeal was taken to the supreme court, but was dismissed for want of jurisdiction. 17 How. (58 U. S.) 17.]