LOW *v.* AUSTIN *et al.*

A person who has contracted to furnish materials and build a vessel for another is, until the completion of his contract, the owner, within the meaning of the statute (2 *R. S.,* 493) of proceedings for the collection of demands against ships and vessels.

The person for whom it was built takes the vessel subject to the lien of one who, under contract with the builder, has furnished materials or done work upon it to the amount of $50.

APPEAL from the Supreme Court. Action upon a bond executed by the defendants to discharge a vessel from an attachment. The claim exhibited by the plaintiff was for materials furnished for the building and equipping the steamboat Erastus Corning, which one Van Wie was constructing under a contract with Austin, one of the defendants. Austin paid Van Wie the full contract price for the boat upon its completion and delivery to him in May, 1854, without any knowledge of the claim of the plaintiff. The trial was before the late Mr. Justice WATSON, at the Albany Circuit, a jury having been waived, and he ordered judgment for the defendants, upon the ground that Van Wie, who contracted the debt, was not the owner, master, agent or consignee of the vessel, within the meaning of the statute. This judgment was reversed at general term in the third district, and a new trial ordered. The

defendants appealed to this court, stipulating that if the order should be affirmed, judgment absolute should pass against them.

*John H. Reynolds*, for the appellants.

*William H. Learned*, for the respondent.

COMSTOCK, J.   Van Wie contracted to furnish all the materials and to build a steamboat for Austin, and to deliver it by a certain specified day.   Some payments were to be made as the work progressed, and on the delivery the whole price was to be paid in cash and promissory notes.   In the argument for the defendants, it has been assumed that under the statute (2 *R. S.*, 493, §1) a lien existed in favor of Van Wie for all the work and materials done and furnished in the construction of the boat; and on this ground it has been claimed that no lien could arise in favor of the plaintiff for a part of the same work or materials which he supplied on the procurement of Van Wie.   But the assumption is based on an erroneous view of the statute.   "Whenever a debt amounting to $50 or upwards shall be contracted by the master, *owner*, agent or consignee of any ship or vessel on account," &c., "towards building, repairing," &c., "such debt shall be a lien," &c.   The ownership of this boat was in Van Wie from the commencement of its construction to its completion and delivery to Austin, pursuant to the contract (*Andrews* v. *Durant*, 1 *Kern.*, 35); and the owner of a vessel can have no lien upon it for materials furnished to or by him in its construction.   He may be under obligation by contract to sell and deliver the vessel when all the work is done; but an obligation of that nature does not affect the title until the transfer is actually made. When that is made, his claim against the purchaser is for the price agreed on; and that claim is of the same nature as though the sale were of a boat built at any other time and under any other circumstances.   There is no lien in such a case, under the statute referred to.

Low *v.* Austin.

And the conclusion would seem to follow, that a lien did arise in favor of the plaintiff for the materials which he furnished to Van Wie. The latter, as we have seen, was the owner, and he became indebted to the plaintiff for the articles in question. That debt, we think, became a lien on the vessel within the letter and the spirit of the statute. When Austin received a delivery of the boat pursuant to the contract with Van Wie, he took it subject to that lien. If he paid the full price, the case is undoubtedly a hard one for him; but it is no harder than the statute, which obliges every one who buys a vessel to see, at his peril, that there are no liens upon it in favor of persons who have contributed labor or materials in its construction or repair.

The cases cited by the defendants' counsel are not opposed to the conclusion stated. In *Hubbell* v. *Dennison* (20 *Wend.*, 181), the work was done by the plaintiff in the employment of a person who was not the owner of the vessel, but was himself in the employment of another person who was the owner. It was held that the plaintiff's demand was not a lien under the statute. So in *Smith* v. *Steamer Eastern Railroad* (1 *Curtis R.*, 253), one Roberts had contracted to repair a boat for the respondents, who were the owners. The libellants furnished lumber to Roberts, and claimed a lien for this account against him under a statute of Massachusetts somewhat similar to ours. The decision was against the lien. These cases, we think, are quite distinguishable from the one before us. The order appealed from must be affirmed, and judgment absolute rendered against the appellants.

DENIO and GRAY, Js., expressed no opinion; all the other judges concurring,

Ordered accordingly.