By the Court,
Robertson, J.
The main, if not the only question in this action, is whether the plaintiff’s claim was a subsisting lien on the vessel attached, on the 13th of December, 1862, the day the warrant of attachment was issued. The condition of the bond sued upon is to pay all claims, established to be due, to the plaintiff, and “ to have been subsisting liens” upon such vessel, pursuant to the provisions of the statute of April, 1862, relative to demands against ships and vessels at the time of exhibiting the same. This follows the requisitions of that statute, as to form. (N. Y. Sess. L. 1862, 960, § 11.) Its fifth section prescribes that the applicant shall "exhibit” and specify his claims and certain particulars relating thereto. This fully explains what is meant by “ the time of exhibiting the same,” in the statute and bond.
The evidence shows the work was completed and the vessel delivered to the defendant Jacob Voorhis, jun. on the third of December, 1862. Consequently, only ten days had elapsed when the warrant was issued. The statute in question, of 1862, (ubi supra,) provides by its second section, that the lien *27 created by the first shall cease whenever the vessel on which it exists shall leave the port at which such debt was contracted, unless a certain specification of such lien be filed in the office of the clerk of the county where such debt was contracted, within twelve days after such departure. Assuming Nyack to be the port where the debt was contracted, and the sailing of the vessel for New York to be a leaving within the meaning of the statute, the lien of the plaintiff remained, for at least the time prescribed for filing the specification. That requisition did not mean to deprive the material man of his lien immediately on the departure of the vessel, only to be restored on filing his specification of claim within the time, because it says the lien shall cease. It was not intended that a secret departure, should get rid of the lien ; the workman had twelve days given him in which to discover the departure and put his lien on file. A seizure of the vessel on an-attachment within the twelve days would be a more certain notice to purchasers or other material men, than putting a claim on file. I therefore regard the plaintiff’s claim as a subsisting lien at the time of issuing the warrant of attachment. The mere giving of the bond, subsequently, could not alter the plaintiff’s rights, who substituted the seizure on the attachment for his lien, and thus rendered the filing of any specification unnecessary. The attachment cannot be made conditional on the performance of any subsequent act by the plaintiff. It must be either absolute or irregular and void.
The seal of the bond imports a good consideration. Upon its execution the defendants obtained a discharge of the attachment. If that was irregularly issued, they could have obtained the vessel by an action of claim and delivery; they chose, however,, to apply to the officer who issued the warrant, give the bond and procure the discharge from him. They are, therefore, now estopped, after -having obtained the- favor, from setting up any irregularity. (Ring v. Gibbs, 26 Wend. 502. Franklin v. Pendleton, 3 Sandf. 572 ; S. C. 7 N. Y. Rep. 508. Coleman v. Bean, 14 Abb. Pr. 38.) But the recital in the bond goes no further than the seizure by the sheriff, and *28 the defendants had a perfect right to give the bond voluntarily to get rid of that. In any event, the onus lay upon them of proving the illegality of such seizure, which they have not done.
The questions put to witnesses respecting the value of the vessel, were properly rejected as immaterial. One question objected to, as to what was said at an interview between a witness, (Peter Voorhis,) and two other persons, (Dickey and Smith,) does not appear to have been answered. The question put to a defendant, (James Voorhis, jun.) as to a conversation with the plaintiff in regard to a submission to arbitration, in continuation and explanation of a prior negotiation for the purpose, was proper on cross-examination ; the answer showed a refusal to submit, by the plaintiff. An exception appears to have been taken to some statement of a witness, (Dickey,) upon which it is impossible to pass without knowing what the question was which drew it out, whether it was excepted to, or the answer responsive. The question to the same witness, as to a custom in ship yards in doing repairs, is too vague, even if such a custom was admissible as evidence. The admissions of the defendant, Peter Voorhis, in regard to acts within the scope of his authority, from his co-defendant, Jacob Voorhis> were properly admitted.
Hone of the objections taken to the certified copy of the specifications were well founded. (1 R. S. 377, § 65. Salte v. Thomas, 3 B. & P. 188. R. v. Aides, 1 Lev, 391.)
The judgment should be affirmed, with costs.