HANEY and another vs. THE SCHOONER ROSABELLE.

*Ownership of vessel while building—Reversal of judgment—Pleading.*

1. Under a contract for the building of a vessel, in the absence of a specific agreement to the contrary, even though advancements are stipulated to be made to the builder from time to time as the work progresses, no property vests in the person for whom it is agreed to be built, until it is finished and delivered.

2. In an action against the vessel for materials furnished in its construction on the builder's order, where the complaint alleges that such builder was *agent* of the vessel, and the answer of the parties for whom it was built, and who have come into possession, avers facts which in law show that he was *owner*, and the proof sustains such averment of the answer, this court will not reverse a judgment for the plaintiffs and direct a new trial under an amended complaint; the judgment being the same that must be rendered on such new trial.

8.   If, however, it were made to appear, by affidavit or otherwise, that if the complaint had alleged the ownership of the vessel by the builder at the time such materials were furnished, the defendants might have set up in their answer and proved a special agreement by which the title was to vest in them as the work progressed, and that they were misled by the complaint, the judgment would be reversed and a new trial ordered.

APPEAL from the Circuit Court for *Milwaukee* County.

Action under ch. 151, Laws of 1859, to enforce a lien against the schooner *Rosabelle*, her apparel and furniture, for the price of certain spikes, iron &c. furnished to one Boole for, and used in building and equipping, said vessel.   The complaint alleges that said Boole, at the time said articles were purchased, was the *agent* of said vessel, and was duly authorized to purchase the material and contract the debt on her account.

*Orvis French* and *John Miller*, as owners, answered denying that Boole was the agent of said vessel, or had any authority to make said purchases, or contract said debt on her account; and also denying that said articles were used in her construction or equipment.   "For a further defense," they aver "that said vessel was built by said Boole for them under a contract to furnish all the labor and materials used in her construction for an agreed price, the whole to be paid when said vessel was completed and delivered; that when [the same was] completed and delivered, they paid said Boole the whole sum agreed upon and more, without notice or suspicion of this claim or any claim for materials furnished in her construction."

The evidence showed that the vessel was built under a contract entered into in August, 1862, between Boole and said *French* and *Miller*, by which the former was to build her for the latter, completed according to certain specifications, by March 15, 1863 ; and in consideration thereof, said *French* and *Miller* agreed to pay him $4500 in the following payments: $500 on demand; $500 when keel, stem and stern were up; a like sum at each of several other specified points in the progress of the work; a like sum in July, 1863, and $1000 November 15, 1863.   It appeared also that the articles in question were fur-

nished by the plaintiffs upon Boole's order, for use in the construction of said vessel; and it was admitted that Boole " had no other agency or authority to act for the vessel, or for *French* and *Miller*, or either of them, than what resulted from his having had possession of her until she was completed." The account on plaintiffs' books was opened with Boole, " upon the express understanding that the goods ordered were to be paid for on the first of every month," Boole stating that he had an arrangement with *French* and *Miller* which would enable him to pay in that manner.

The court refused to instruct the jury as requested by defendants, that if said articles were sold to Boole under a special contract with him to give him time of payment until the first of each month, the credit in law was given to him, and the vessel was not liable for his default; and that if Boole was a mere contractor for building the vessel, this did not constitute him an agent to create a liability against the vessel; but it charged them that the contractor and builder was such an *agent.*

Verdict and judgment for the plaintiffs; and the defendants *French* and *Miller* appealed.

*Peter Yates,* for appellants, cited *Hubbell v. Denison,* 20 Wend., 181; *Smith v. Steamer Eastern Railroad,* 1 Curtis, 253.

*Butler & Cottrill,* for respondents, cited *Andrews v. Durant,* 1 Kern., 35; *Low v. Austin,* 20 N. Y., 181. There was no error in refusing instructions not warranted by the evidence. *Ely v. Tallman,* 14 Wis., 28; *Hartwell v. Page,* id., 49.

DIXON, C. J. We adopt the doctrine of *Andrews v. Durant,* 11 N. Y., 35, and *Low v. Austin,* 20 N. Y., 181, in opposition to the modern English rule, and hold, in the absence of any specific and clear agreement to the contrary, that under a contract for the building of a vessel, no property vests in the person for whom it is agreed to be built, until it is finished and delivered. In this case there was no special agreement by which the title was to vest in *French* and *Miller,* the parties for

whom the vessel was built, before it was completed and delivered. It was but the ordinary contract for the building of a vessel, with stipulation for advancements to be made to the builder from time to time as the work progressed. No property vested in *French* and *Miller* until the vessel was completed and delivered. It follows, therefore, that the title remained in Boole, the builder, and that he was the *owner* at the time he contracted for the articles furnished by the plaintiffs and used in its construction. It follows also that, as owner, Boole was authorized to purchase, and, under the statute, to charge the vessel with a lien for the price of the articles furnished. Thus far, under the view we have taken of the law, the case presents no difficulty. The plaintiffs are clearly entitled to recover. But a question arises as to the sufficiency of the complaint.

The complaint avers that Boole was *agent* of the vessel, and as such was authorized to purchase and did purchase and use the articles for which the lien is claimed. *French* and *Miller*, answering for the vessel as the present owners and the parties for whom she was built, deny that Boole was such agent, or that he had any authority whatever to contract the debt or incur the liability stated in the complaint. And for a further defense, they aver " that the said vessel was built by said Boole for them under a contract to furnish all the labor and materials used in her construction for an agreed price, the whole to be paid when said vessel was completed and delivered; that when it was completed and delivered, they paid to said Boole, the contractor, the whole sum agreed upon and more, without notice or suspicion of this claim or any claim for materials furnished in her construction; wherefore they demand judgment," &c.

It is urged that the plaintiffs cannot succeed upon the grounds stated in the complaint, the issue upon Boole's agency being found against them, and that the judgment must be reversed and the cause remanded for a new trial upon a complaint to be

amended according to the real facts.   This appears to me to be
unnecessary.   I think the erroneous statements of the com-
plaint are cured by the averments of the answer, and the proofs
given under it, and that to reverse the judgment and direct a
new trial upon an amended complaint would be to put the par-
ties to delay and expense not required by the ends of justice.
It is immaterial to the plaintiff's right of action whether Boole
was agent or owner.    In either case they are entitled to judg-
ment.   They aver that he was agent.   *French* and *Miller* say he
was not, but that he was owner; or, what is the same thing, they
aver facts which in law show that he was owner.   Thus, it
seems to me, the plaintiffs are relieved from the difficulty; and
it is in legal effect the same as if they themselves had averred
that Boole was owner, and had proved it.   Had the jury found
a verdict in form that Boole was not agent, the plaintiffs
would still have been entitled to judgment.   They would have
been entitled to it notwithstanding the verdict, the merits be-
ing still wholly in their favor upon the facts stated in the an-
swer.    In such a case I believe the rule to be not to award a
repleader, but to give judgment for the party thus entitled to
it.   1 Chitty's Pl., 656, 657.

It is suggested that had the plaintiffs done just what *French*
and *Miller* have done, averred ownership or facts showing own-
ership in Boole, *French* and *Miller* might then have made some
different answer; they might have set up a special agreement
by which the title was to vest in them *pari passu* as the work
progressed and the advancements were made; and therefore a
repleader should be awarded.    This seems to me to be going
to too great length.   No inference of the existence of any such
special agreement can be drawn from the case as it now ap-
pears.    On the the contrary, the almost conclusive inference
from the facts stated in the answer and proved at the trial is,
that there was no such special agreement.   Without its being
shown, therefore, by affidavit or otherwise, that there was such
an agreement, and that *French* and *Miller* were misled by the

erroneous statements of the complaint, I am of opinion that no repleader should be awarded, and that the judgment of the circuit court should be affirmed.

*By the Court.*—Judgment affirmed.