By the Court, Robertson, Ch. J.
Any claim of the United States government on the vessel in question in this case for advances made on account of its price, did not affect whatever. lien the plaintiff had for his claim on her, so far as the bonds in suit are concerned. The defendants are liable on those bonds for any claim of the plaintiff that was a lien on such vessel, whether it could have been enforced against her or not. And even if the United States government had a lien, and it was an obstacle to the enforcement of the plaintiff’s lien, the defendants have waived all objection by executing the bonds in question to procure a discharge of the attachments. (Franklin v. Pendleton, 3 Sandf. 572.) Such lien of the government could be discharged at any time, and the plaintiff be allowed to enforce his. Any claim on the part of the government would be an obstacle, solely by reason of the impossibility of suing the government, which could only be necessary in case the vessel were in the public service or in the exclusive possession of the government. (Briggs v. Light Boat, 7 Allen, 287. S. C. 11 id. 157.) Whenever the government undertakes to recover possession by suit, parties who are on the defensive may use all their rights. (1 Story on Const. § 1324: 2 Spence Eq. 32, 33, 33, 174. In re Wilder, 3 Sum. 308.) The lien of wages, (The Jago de Cuba, 9 Wheat. 409,) and of a claim of general average may, (In re Wilder, ubi sup.) be *40 enforced, against the government. In this case, the government had no right of possession under the contract until completion, or default. The mere covenant for a lien, in the contract, was ineffectual, as all liens, without possession are, when not created by statute. (McFarland v. Wheeler, 26 Wend. 467. Urquart v. McIver, 4 John. 112. Lander v. Clark, 1 Hall, 355. Hammonds v. Barclay, 2 East, 235.) Such a contract for a lien creates only an equitable hypothecation, (People v. Beers, 20 How. U. S. 400.) The act of congress of July, 1862, which puts contractors for supplies under the same military control and discipline as the land and naval forces of the United States, is not applicable to vessels or their appurtenances, so as to put such vessel, or indeed the supplies themselves, under the control of the United States officers. Under such a contract as that in question, there is no transfer of ownership until the vessel is delivered and accepted. (Andrews v. Durant., 11 N. Y. Rep. 35. Phillips v. Wright, 5 Sandf. 342, 359. Law v. Austin, 20 N. Y. Rep. 181.) The contract itself provides for the delivery and acceptance of the vessel, and the right of the government to take possession on default and finish the work, implying that until that time, the possession and ownership continued in the defendant Ferine.
It is fully settled that a contract for building a vessel, or furnishing materials, or doing work therefor, is no more a maritime contract, so far as a lien therefor may be created on such vessel by state laws and enforced by state courts, than building a house or doing any work upon any article for which a lien may attach to the subject of such work. People, &c. v. Beers, 20 How. U. S. 400. Roach v. Chapman, 22 id. 129. The St. Lawrence, 1 Black. U. S. 531.)
The mode of measuring the price of the articles, which entered into the composition of the engine, by charging by the hour for the use of machinery in the plaintiff’s workshop to fit such articles for their place in the engine, was perfectly legitimate. It was not work done on the engine or the vessel, but it was an expenditure for changing raw or *41 rough materials into finished parts of the engine, and entered into their price, as much as if they had been made by any other manufacturer who should estimate their value by including the cost of such work therein. Besides, the statute includes work done “ towards ” the building, &c. as well as upon the vessel or any of its parts or appurtenances. So, also, the making of the moulds and templets or patterns was a necessary expense and labor in order to prepare the castings therefrom, and there was no evidence that they were of any use or value for any other purpose, after being so used for such vessel.
I do not find any evidence that any part of the work or materials allowed for, were for another vessel, (The Maria.) The only witness who enumerated the work done to such other vessel, did not include a man-hole plate in it, which he did in that done for the Triana, which was charged for in the bills rendered. If there was any conflict of testimony it was disposed of by the referee.
The plaintiff was entitled to a lien for the value of every thing necessarily consumed and for every expenditure necessarily incurred, in completing the work performed by him, and is not confined to the mere work done upon parts of the vessel or materials which remain as part of it. (Pendleton v. Franklin, 7 N. Y. Rep. 508. The Kearsarge, Ware, 2d ed. 549, 556.) The use of the preposition “towards” as well as “ for,” in the statute, shows the intention of the .framers to include all materials consumed, as well as those entering into the composition of the vessel or any of its appurtenances.
There are no charges in the accounts rendered, for similar materials or parts, twice furnished. The sheet iron rejected for the conduit or blower channels, was used for man-hole plates. The plaintiff had a right to claim for the same work done twice, if not caused by his fault.
The judgment should be affirmed, with costs."