## Case No. 6,449.

### The HEZEKIAH BALDWIN.

[8 Ben. 556.] 1

District Court, E. D. New York. Nov., 1876.

MARITIME LIEN—LIEN BY STATE LAW—WHAT IS A VESSEL.

1. A floating elevator used in the harbor of New York was libelled to recover a bill for repairs, and it was set up in defence, 1st, that she was not a vessel and therefore no maritime lien could attach; and 2nd, that the law of the state of New York respecting liens upon vessels does not create a lien that can be enforced in the admiralty court: *Held*, that the construction libelled being a canal-boat upon which had been built an elevating apparatus for hoisting grain, although not enrolled or licensed, without motive power of its own or capacity for cargo, except the permanent cargo of its elevator, was, nevertheless, a vessel and a subject of maritime lien.

[Cited in The Wilmington, 48 Fed. 567; The Alabama, 19 Fed. 547, 22 Fed. 451; The Ella B., 24 Fed. 508; Ruddiman v. A Scow Platform, 38 Fed. 158; Aitheson v. The Endless Chain Dredge, 40 Fed. 254; Seabrook v. Raft of Railroad Cross-Ties, Id. 597; The City of Pittsburgh, 45 Fed. 702; The Public Bath No. 13, 61 Fed. 693.]

---

1 [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

2. The second defence was not tenable since the decision of the circuit court for the Second circuit in the case of The Ella M. Stevens [The John Farron, Case No. 7,341]. The libellant was therefore entitled to recover his claim.

In admiralty.

W. W. Goodrich, for libellant.

C. Van Santvoord, for claimant.

BENEDICT, District Judge. This is a proceeding in rem taken by a material man to enforce a lien for repairs upon the floating elevator Hezekiah Baldwin. The defence is two-fold.

One defence consists of the proposition that the Hezekiah Baldwin has no means of propulsion and is without capacity for use in navigation, is not enrolled or licensed under any navigation laws of the United States, was never used in any navigation, and therefore is not a ship or vessel, within the maritime law or any law of the state of New York conferring a lien for repairs.

The proofs in support of this defence show that the Hezekiah Baldwin consists of a hull, constructed to float in water and be navigated therein. She was in fact a canal-boat formerly used to navigate canals and thereafter devoted to her present use. Upon this hull has been erected and attached thereto an elevating apparatus, constructed for the purpose of transporting grain from one vessel to another. Within the hull is placed machinery which operates the elevator. She has no place used or proper to be used for the transportation of cargo, or passengers, nor has she any motive power of her own. The object of placing the elevating apparatus upon a hull in this manner is to enable it to be moved about the harbor to the various places where it may be required for the purpose of transferring grain from one vessel to another.

Such a construction I conceive to be a ship or vessel within the meaning of the maritime law as well as of the statute of this state. Canal-boats and scows are vessels, and this is simply a boat with an elevator upon it. The construction of the elevator upon the hull has not effected any substantial change in the character or use to which the hull is put. It is still the hull of a vessel, enabled by means of its mode of construction to float in the water, and thus transport the elevating apparatus. By reason of its mode of use it is made subject to the same vicissitudes and perils of the seas, to which all vessels are exposed. She may have collisions, she may require salvage services, and the same necessity for using her credit in order that she may obtain instant repairs—indispensable, it may be, to save her from going to the bottom—exists in her case as in the case of any vessel. It is true she has no motive power within herself, but she navigates by the aid of power applied from without as really as does any canal-boat or barge. She does not transport passengers nor cargo, as an occupation, but she transports an elevator. The eleva-

tor is her cargo, placed upon her for the sole purpose of enabling it to be thus transported. Indeed she may without much stretch be said to transport grain—clearly she protects and supports grain afloat on navigable water. These are the characteristics of a vessel. The floating palaces of the North river and of the Sound may be said to be hotels placed on a hull, and under some circumstances these steamers are used, stationary, for hotel purposes at a particular place, but it was never supposed that they are not vessels. In Franklin v. Pendleton,[2] a theatre was erected upon a hull, to be then used for theatrical exhibitions, and the whole was held to be a vessel.[3]

The ground of defence that this is not a ship or vessel cannot therefore be maintained.

The other ground of defence rests upon the proposition that the law of the state of New York respecting liens upon vessels has no effect to create a lien that can be enforced in this court. This question has received the consideration of the circuit court in the late case of The Ella M. Stevens [The John Farron, Case No. 7,341],—Nov. 11, 1876,—and it is there held that the law of the state of New York is valid to create a lien for repairs and supplies upon a domestic vessel, which lien may be enforced in a court of admiralty. The second ground of defence is therefore untenable, and there must be a decree for the libellant, with an order of reference to ascertain the amount.

---

H. H. SCRANTON, The (CHURCH v.). See Case No. 2,710a.

[2] See Pendleton v. Franklin, 7 N. Y. 508.

[3] But see The Hendrick Hudson [Case No. 6,355].

