13h 632
52ad552

## RICHARD FRALICK, RESPONDENT, *v.* IRA BETTS, JAMES H. LOOMIS AND JUDSON W. LOOMIS, APPELLANTS.

*Admiralty jurisdiction — chap.* 482 *of* 1862 — *constitutionality of — Canal boat — when a " vessel."*

Admiralty jurisdiction does not extend to contracts relating to a vessel wholly engaged in the internal commerce of a State, and no maritime lien or claim can be founded on such contracts.

Chapter 482 of 1862, providing for the collection of demands against ships and vessels is, so far as it relates to vessels wholly engaged in the internal commerce of this State, constitutional and valid.

A canal boat is a " vessel " within the meaning of the said law.

The owner of a canal boat made a contract with Pierce & Son, by which the latter were to make certain repairs in and upon the boat. The repairs were made and the price to be paid therefor was paid by the owner to Pierce & Son. The plaintiff, who had been employed by Pierce & Son, to work upon the boat, not having been paid for the services rendered by him, sought to enforce his claim against the boat under the said statute.

*Held*, that he had no right so to do, as his employment by Pierce & Son gave him no right under the law of 1862 to claim a lien.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

*W. A. Boucher*, for the appellants.

*F. David*, for the respondent.

TALCOTT, J.:

This is an appeal from a judgment rendered on the report of a referee.

The action is upon a bond to procure the discharge of a canal

boat, seized by the sheriff of Oswego county, on a process issued by the county judge of that county under the act providing for the collection of demands against ships and vessels, (Laws of 1862, chap. 482.) The referee reported in favor of the plaintiff for a balance due him on a demand originally belonging to him, and on two demands which had been assigned to him for the sum of $231.65. From this judgment the defendants appeal.

The canal boat in question, the J. K. Post, was owned by one J. D. Hartson, and was by him taken to the dry dock of J. L. Pierce & Son, at the village of Phœnix, in Oswego county, for repairs, and she was repaired by the said J. L. Pierce & Son, and men in their employ, under a contract with J. L. Pierce & Son. The latter were to do the work and furnish the materials. The plaintiff Fralick, and his assignors, were workmen for the said J. L. Pierce & Sons, and as such worked on the said boat in making the said repairs, and also on the other boats which were at the time in the said dry-dock for repairs. The said John D. Hartson paid J. L. Pierce & Son in full for the work done and materials used in the repairs of the said boat, including the work done by the plaintiff and his assignors of the other demands. But Pierce & Son have not paid the plaintiff or his said assignors. On the 17th day of October, 1874, Fralick, the plaintiff, made application to the county judge for a warrant to enforce his claim by a seizure of the boat under the act of 1862, and such warrant was issued, and the boat was seized by the sheriff of Oswego county on the 16th day of November, 1874.

It is held that a canal boat is a "vessel" within the meaning of the law of 1862, before referred to. (*Emmons et al.* v. *Wheeler et al.*, 3 Hun, 545; S. C. more fully in 5 Sup. Ct. Rp., by Thompson & Cook, 618; *Crawford* v. *Collons*, 45 Barb., 269.)

The defendants insist that the law is unconstitutional and void, as attempting to confer on State courts jurisdiction of subject-matters of admiralty jurisdiction, in regard to which, jurisdiction is vested exclusively in the courts of the United States. (*In re Josephine*, 39 N. Y., 19; *Vose* v. *Cockroft*, 44 N. Y., 415.) But admiralty jurisdiction does not extend to contracts relating to a vessel wholly engaged in the internal commerce of a State, and no maritime lien or claim can be founded on such contracts, and the courts of the United States are wholly without jurisdiction in such cases.

(*Maguire* v. *Card*, 21 Howard [U. S.], 248 ; *Allen* v. *Newberry*, id., 244 ; *Brookman* v. *Hamill*, 43 N. Y., 554, op., 558.)

The referee finds that "the said boat J. K. Post was an ordinary canal boat, without sails or masts, towed by horses, and was designed to navigate the canals of this State." This finding is *prima facie* sufficient to show that the business of the boat was to be wholly engaged in the internal commerce of the State, and therefore contracts relating to repairs and supplies to her, are properly the subject of State regulation, and the law of 1862 is valid as to such a vessel.

But we think the referee committed a fatal error in another respect. The action on the bond is, in effect, a proceeding *in rem*. The boat was seized by the sheriff and in order to procure its discharge from custody, the owner was compelled to enter into the bond on which the action was brought, with sureties, and if there was, in fact, no power or jurisdiction in the county judge, existing in the facts of the case, to authorize the issuing of the warrant and the seizure of the vessel, then the proceedings cannot be upheld, and this action cannot be maintained. (*Vose* v. *Cockroft*, 44 N. Y., 415, 418.)

The referee finds that the labor performed by the plaintiff and his assignors upon the boat, was performed at the request of J. L. Pierce & Son, and was charged by the plaintiff and his assignors on his and their books of account, to J. L. Pierce & Son. In fact the plaintiff and his assignors were workmen in the employ of Pierce & Son in their dock yard, and, as such, performed labor upon this and other boats indiscriminately as they were directed by Pierce & Son. The contract of Hartson, the owner, for the repairs of the boat was made with J. L. Pierce & Son, and he paid J. L. Pierce & Son in full for all the labor and repairs done on the boat. Pierce & Son might have, by proceeding under the Statute of 1862, obtained a lien against the boat had the owner failed to pay them for the repairs. The following named persons only, can by their contracts, create liens under the act of 1862 : (See § 1.) The master, owner, charterer, builder and consignee. Pierce & Son were neither, they were employed by the owner to repair. It cannot be that every hand employed in a boat yard can file a lien on every vessel which the owner of the yard is employed to repair, especially, when the owner has paid for the labor and materials furnished, and

in full for the repairs to the party with whom his contract was made, and thus the owner of the boat be made to pay many times over for the value of the work done and materials furnished. We think this point is fully decided in *Hubbell* v. *Denison* (20 Wend., 181); *Low* v. *Austin* (20 N. Y., 181); and *Smith* v. *Steamer Eastern R. Road* (1 Curtis, 253.)

There existed, then, in the facts of the case, no authority entitling the plaintiff to proceed under the act of 1862, if we are correct in the views above stated, and the conclusion of law of the referee was erroneous and must be reversed.

Judgment reversed and new trial ordered before another referee, costs to abide the event.

Present — MULLIN, P. J., TALCOTT and SMITH, JJ.

Ordered accordingly.