[No. 313.   January 9, 1889.]

TERRITORY OF NEW MEXICO, APPELLEE, v. W. C. HEACOCK, APPELLANT.

CRIMINAL LAW—EMBEZZLEMENT—INDICTMENT, SUFFICIENCY OF—SECTION 750, COMP. LAWS, N. M. 1884—CONSTRUCTION OF STATUTES.—On a prosecution against a justice of the peace for embezzlement of a fine imposed, an indictment founded on section 750, Compiled Laws, 1884, is not sufficient. That section applies only to property received by one person to be carried and delivered to another person. The proper indictment would have been under section 752, which provides for the embezzlement of public money. The indictment was also fatally defective, in failing to state specifically the facts constituting the offense charged.

APPEAL from a judgment of the Second Judicial District Court, Bernalillo county, convicting the defendant of embezzlement.   Judgment reversed and cause remanded, with instruction to sustain the motion in arrest of judgment.

The facts are stated in the opinion of the court.

FISKE & WARREN and STONE & STONE for appellant.

The count for embezzlement, in the indictment, is verbatim the Wisconsin statute, with the exception of the mere verbal substitution in our statute of the word "bulk" instead of "the mass."   R. S., Wis. (2 Tay. Stats. 1884), ch. 165, sec. 28.   The supreme court of Wisconsin holds that their statute applies only to common carriers and others in like capacity carrying property for them, and persons who may be intrusted with such property by the carrier, to its destination.   State v. Peacock, 20 Wis. 246, and cases cited; Commonwealth v. Brown, 4 Mass. 580; Roscoe's Crim. Ev. 438;   Nichols v. People, 17 N. Y. 115; Barb. Crim. Law, 141;   Rex v. Nettleton, R. & M. 259.

The record shows that the money charged to have been embezzled by appellant was received by him as justice of the peace in payment of a fine; and is clearly not within the statute, even if it be admitted the justice was authorized to receive the amount of the fine.

WM. BREEDEN, attorney general, for the territory.

LONG, C. J.—This case is here on appeal by William C. Heacock, the defendant in the court below. There he was presented by indictment on a charge of embezzlement.   The indictment reads as follows:

"TERRITORY OF NEW MEXICO, ⎱ ss.
    "County of Bernalillo.      ⎰

"In the district court, at the May term, A. D. 1886.

"The grand jurors of the territory of New Mexico, taken from the good and lawful men of the county of Bernalillo, of the territory of New Mexico aforesaid, duly elected, impaneled, sworn, and charged, at the term aforesaid, to inquire in and for the county of Bernalillo aforesaid, upon their oaths do present, that William C. Heacock, late of the county of Bernalillo, territory of New Mexico, on the first day of April, in the year of our Lord one thousand, eight hundred and eighty-five, at and in the county of Bernalillo aforesaid, became and was intrusted with two gold coins of the current gold coins of the United States, each of the denomination of five dollars, and each of the value of five dollars, one gold coin of the current gold coin of the United States of the denomination of ten dollars, and of the value of ten dollars; one United States treasury note, commonly called 'greenback,' of the denomination of five dollars, and of the value of five dollars; one United States national bank note, current as money, of the denomination of five dollars, and of the value of five dollars, and four dollars in silver coin of the current silver coin of the United States, of the value of four dollars—a more particular description of which said gold and silver coins and notes is to the grand jurors unknown— of the money and property of the county of Bernalillo, in the territory of New Mexico; and being so intrusted therewith he, the said William C. Heacock, the said gold and silver coins, United States treasury note, and United States national bank note, unlawfully, knowingly, willfully, and fraudulently did embezzle and convert to his own use, and before delivery of the same to the said county of Bernalillo, to which they were to be delivered; and so the said William C. Heacock, the said gold and silver coins and notes, in manner and form

aforesaid, unlawfully, knowingly, willfully, and fraud-
ulently did steal, take, and carry away, contrary to the
form of the statute in such case made and provided,
and against the peace and dignity of the territory of
New Mexico; and the grand jurors aforesaid, for the
territory of New Mexico, taken from the good and law-
ful men of the county of Bernalillo, of the territory of
New Mexico aforesaid, duly elected, impaneled, sworn,
and charged at the term aforesaid, to inquire in and
for the county of Bernalillo aforesaid, upon their oaths
do further present that William C. Heacock, late of the
county of Bernalillo, territory of New Mexico, on the
first day of April, in the year of our Lord one thousand,
eight hundred and eighty-five, at and in the county of
Bernalillo aforesaid, two gold coins of the current gold
coins of the United States, each of the denomination
of five dollars, and each of the value of five dollars;
one gold coin, of the current gold coin of the United
States, of the denomination of ten dollars, and of the
value of ten dollars; one United States treasury note,
commonly called 'greenback,' of the denomination of
five dollars, and of the value of five dollars; one United
States national bank note, current as money, of the
denomination of five dollars, and of the value of five
dollars; and four dollars in silver coin of the current sil-
ver coin of the United States, of the value of four dollars
—a more particular description of which said gold and
silver coins and notes is to the grand jurors unknown
—of the money and property of the county of Berna-
lillo, in the territory of New Mexico, unlawfully and
knowingly did steal, take, and carry away, contrary to
the form of the statute in such case made and provided,
and against the peace and dignity of the territory of
New Mexico.                    HARVEY B. FERGUSON,
"District Attorney for the Second District of New
Mexico."

The defendant, by his attorneys Stone & Stone and
Fiske & Warren, in the court below filed a demurrer to
the indictment, which was. overruled, and the defend-
ant excepted. The cause was submitted to a jury for
trial. The defendant was found guilty, whereupon a
motion was filed by him, and presented, asking for a
new trial. This motion was overruled, and the defend-
ant excepted. He then moved in arrest of judgment,
and, the ruling of the court being against him, the de-
fendant by exceptions saved the points made on the
motion, and now presents them in this court for its
action.

The sole question which need be considered is as
to the sufficiency of the indictment, and that is the only
one argued. The indictment is founded on section 750
of the Compiled Laws of 1884, which reads as follows:
"If any carrier or other person to whom any money,
goods, or other property which may be the subject of
larceny shall have been delivered to be carried for hire,
or if any other person who shall be intrusted with such
property, shall embezzle or fraudulently convert to his
own use, or shall secrete, with intent to embezzle or
fraudulently convert to his own use, any money, goods,
or property, either in bulk as the same were delivered,
or otherwise, and before delivery of such money,
goods, or property, at the places or to the persons to
whom they were to be delivered, he shall be deemed,
by so doing, to have committed the crime of larceny."

The appellant contends that this section applies
only to common carriers and others in like capacity,
carrying property for hire, and to persons who may be
by such carrier intrusted with such property to take
the same to its destination; and as there is no averment
that the property described in the indictment was in-
trusted to the defendant as a carrier, or to be carried,
it is contended by appellant that the indictment is bad,
and that the demurrer thereto should have been sus-
tained.

A case decided at the March term, in 1855, in the supreme court of Massachusetts (Com. v. Williams, 3 Gray, 461), is exactly in point. In that case the statute of Massachusetts is set out in full, and it is in precise terms identical with section 750 of the Compiled Laws of the territory. In that case the defendant, Williams, was charged under this section, and it did not appear that he had received the property charged to have been embezzled as a carrier, nor that he was a carrier. In applying the statute to the facts, the court said: "This, being a penal statute, is to be construed strictly, although in the more natural grammatical construction the words 'such property,' in the clause relating to 'any other person who shall be intrusted with such property,' refer only to the words, 'money, goods, or other property, which may be the subject of larceny,' yet the words at the end of the section, 'before delivery of such money, goods, or property at the place at which, or to whom, they were to be delivered,' limit the words, 'such property,' still further, and, taken in connection with the words, 'carrier or other person,' at the beginning of the section, confine its application to the embezzlement of property received by the defendant to be carried and delivered to another person."

In Wisconsin (White v. State, 20 Wis. 247), a like statute has received even a more strict construction. It will be observed in Massachusetts the statute is limited in its application to carriers, while in the Wisconsin case it is limited to common carriers for hire. The Wisconsin court says: "The indictment was evidently drawn under section 28, chapter 165, Revised Statutes. But it is clear that section does not apply to the case. It only applies to embezzlement by common carriers, and others in like capacity, carrying property for hire, and persons who may be intrusted with such property by the carrier to its destination. This is the construction placed upon a similar statute in Massachusetts,

and we think it is the correct one." The court then refers as authority for the foregoing construction to Com. v. Williams, 3 Gray, 461.

The construction of the statute thus given in the courts of Massachusetts and Wisconsin should be followed here. This view of the construction which should be given to the statute is strengthened by reference to the facts which appear in the record of this case. It is there shown that the defendant, Heacock, in April, 1885, was a justice of the peace, and as such had collected a fine imposed, which he held as such justice, and for which he never accounted. It was this failure to account for money held by him as a public officer for which the indictment was brought under section 750.

The following section amply provides for that class of offenses: "Sec. 752. If any person having in his possession any money belonging to this territory, or any county, precinct, or city, or in which this territory, or any collector or treasurer of any precinct or county, or the treasurer or disbursing officer of this territory, or any other person holding an office under the laws of this territory, to whom is intrusted by virtue of his office, or shall hereafter be intrusted with the collection, safekeeping, receipt, disbursement, or the transfer of any tax, revenue, fine, or other money, shall convert to his own use, in any way or manner whatever, any part of said money, or shall loan, with or without interest, any part of the money intrusted to his care as aforesaid, or willfully neglect or refuse to pay over said money, or any part thereof, according to the provisions of law, so that he shall not be able to meet the demands of any person lawfully demanding the same, whether such demand be made before or after the expiration of his office, he shall be deemed and adjudged to be guilty of an embezzlement."

The indictment is insufficient on another ground— one disclosed in the case of Com. v. Smart, 6 Gray, 15.

In that case the indictment charged that the defendant, on the thirteenth of July, 1855, at Boston, "was intrusted by one Henry Scott with certain property, the same being the subject of larceny, to wit, two gold coins," etc.—the property being fully described of a value stated—"the property of said Scott, and to deliver the same to Scott on demand," and afterward, on the same day, at Boston, "refused to deliver the said property and moneys described as aforesaid to said Scott, so delivered to him the said Smart as aforesaid, and feloniously did embezzle and fraudulently convert to his own use; the same then and there being demanded of said Smart by said Scott; whereby," etc. The court say: "It is among the first and most familiar of the rules of criminal pleading that, in an accusation against a party charged with the commission of an offense, all the facts and circumstances of which it is constituted ought to be specifically stated and set forth. Tried by that rule, the indictment against the defendant is manifestly defective and insufficient," etc. "The indictment contains no description of the act complained of. * * * The general allegation that the defendant was intrusted with certain enumerated articles, the property of Scott, is too loose and indefinite, since such an averment is equally applicable to a common carrier, and to any other person to whom chattels were delivered, either to be carried for hire, or to be kept, or used, or appropriated to any particular object or service in the manner which may have been directed by the owners."

For all that appears in this indictment, defendant may have been intrusted with this money to be used by himself. What was he to do with it, and what did he do that was unlawful? It may be answered, he appropriated the property to his own use unlawfully. If so, the facts which constitute the unlawful appropriation should in any event be averred. The same case says:

"The general charge of embezzlement and felonious appropriation to his own use, by a party, of property intrusted to him, is insufficient to constitute a legal and effectual accusation." These authorities, no doubt, were not cited at the trial below, and the point now made evidently was not argued to the court below, but yet it is in the record, and our duty to pass upon it; but they seem conclusive on the point made by the demurrer, and in the motion in arrest of judgment the latter should have been sustained. Accordingly the ruling of the court below will be reversed, and the cause remanded, with instruction to sustain the motion in arrest of judgment.

HENDERSON and REEVES, JJ., concur.