# SUPREME COURT.

## JOHN H. CRAWFORD and others agt. ALFRED COLLINS and others.

The parties to a *copartnership* may give it such a name as they please, and all contracts, obligations and notes, made with or given to such firm, may be prosecuted in the *individual names of its members*. It is otherwise with *corporations*.

The act of 1862 (*chap.* 482), "to provide for the collection of demands against ships and vessels," applies to *canal boats*. Where the legislature in its enactments, distinguish between seagoing and *other vessels*, the latter clause should be received in its largest sense, and be held to include all craft used in navigating any of the waters or canals of the state.

Where a contract for *towing a canal boat* from Troy to New York was made and accepted at Troy, but no time of payment specified, and no payment made or negotiable obligation given, the money did not become due until the delivery of the boat in New York; therefore, in a legal sense, and within the spirit and intent of this statute, the *debt* may be said to have been contracted in New York. Consequently the specification of lien required by the act to be filed in "the county in which such debt shall have been contracted," was properly filed in the county of New York.

A *general agent* of a firm has authority to sign and swear to the specification of lien for such firm.

A *justice of the supreme court* has equal authority to issue a warrant under this act, with the officers mentioned therein as authorised by law to perform the duties of a justice of the supreme court at chambers.

An objection to a *surety* upon a *bond* given under this statute, for insufficiency, where the objection is sustained and another surety added, will not release the first surety so long as his name is on the bond, when finally accepted and the property released.

*Fourth District, Schenectady General Term, January,* 1866.
*Before* JAMES, POTTER, BOCKES *and* ROSEKRANS, *Justices.*

THIS was an action tried at circuit before the court and jury, wherein a verdict was rendered for the plaintiffs, subject to the opinion of the court at general term. The parties now move, the plaintiffs for judgment, and the defendants for a dismissal of the complaint.

The action was upon a bond given by the defendants to the "Union Towing Company," on a proceeding under *chapter* 482 *of the laws of* 1862, *page* 956, entitled, "an act to provide for the collection of debts against ships and vessels." The plaintiffs compose a firm or copartnership, known as the "Union Towing Company," and keep offices at New York and Oswego, whose business is towing boats on the canal by horse power, and on the Hudson river by steam.

The defendant Collins, owned the canal boat Sidney S. Cross, and the plaintiffs at his request, towed said canal boat from Troy to New York for the price of $60, arriving in New York on the 19th day of November, 1863. Said towing has never been paid. On the 3d day of December, 1863, the plaintiffs filed in the clerk's office of the city of New York, specifications of their lien on said boat. After the arrival of said canal boat in New York, it remained there until about the 29th of November, 1863, and went to Rondout and returned in ten days; it then remained at New York twenty days; then went to Elizabethport, loaded and came back, and went to Elizabethport and back again, and then remained in New York all winter. It left New York again about the first of May, 1864, and has not since returned to that city. On the 19th day of October, 1864, the plaintiffs, by their agent, applied to a justice of the supreme court under said act, who issued a warrant, and the boat, then at Schenectady, was seized by the sheriff under such warrant. The petition set forth the name of the copartnership, and who composed it, and the proceedings were had in the name of the "Union Towing Company."

After the seizure of said boat, the bond on which this action is brought was executed and delivered, and the boat released. This bond was executed by all the defendants. It was to the "Union Towing Company," their successors or assigns; specified the claim for which the boat had been seized, conditioned to pay or cause to be paid unto said "Union Towing Company," the amount of all claims which should be established to be due to them and to have been a subsisting lien upon said canal boat, in pursuance of the provisions of chapter 482, laws of 1862. The jury rendered a verdict for $101.06.

John L. Hill, *for plaintiffs.*
Mitchell & Beattie, *for defendants.*

By the court, James, J.   This action was in the individual names of the plaintiffs; they were the persons who composed the firm known as the "Union Towing Company," and the real owners of the debt, and the legal holders of the bond. The parties to a copartnership may give it just such name as they please, and all contracts and obligations, or notes, made with or given to such firm, may be prosecuted in the individual names of its members. It is different with a corporation, but the "Union Towing Company" was not a corporation.

Chapter 482, of the laws of 1862, has application to canal boats. The first section is made applicable to seagoing or ocean-bound vessels, or to *any other vessel;* and its fifth subdivision includes, among other items for which a vessel may be seized, that of towing. Bouvier says, in maritime law, vessel is a ship, brig, sloop or other craft, used in navigation.

When a legislature in its enactments, distinguish between seagoing and other vessels, the latter clause should be received in its largest sense, and be held to include all craft used in navigating any of the waters or canals of the

state. The case of *Maury* agt. *Noyes* (5 *Hill*, 34), was decided under the Revised Statutes (2 *R. S.* 493), which only contained the words " ships or vessels," and did not name " towing," as one of the debts which might be created a lien. The act of 1862 was a substitute for the Revised Statutes, repealing the latter, and its enlarged terms show a design to extend its benefits beyond the narrow construction given by the courts to the repealed statute. The third section of this statute requires the specification of lien to be filed in the office of the clerk of the county in which the debt shall have been contracted. This claim was for towing the canal boat Sidney S. Cross, from Troy to New York. The offer to tow the boat to New York was made at Troy, and there accepted, but no time of payment was specified, no payment made or negotiable obligation given, and hence the money did not become due until the delivery of the boat at New York. The place of bargain was Troy, but the agreement did not become a debt until performance ; that was completed in New York ; and hence, in a legal sense, the debt may properly be said, within the spirit and intent of said statute, to have been contracted in New York. A careful consideration of the statute will demonstrate this. A lien is given by said act against vessels for work done or materials furnished, for provisions or stores, for wharfage or keeping of vessels in port, for loading and unloading, and for towing. Some of these are matters which can only be performed or rendered at the port where the vessel lies, while others may be contracted for elsewhere to be performed at such port, to be paid for when performed.

If a vessel lay in the port of Albany, a contract for loading or unloading might be made in Troy, but could only be performed in Albany ; while executory no debt was created, but when performed a debt would exist. So if provisions were contracted for in Schenectady to be delivered on board in Albany, or a wharf at Albany, con-

tracted for in New York to be paid for at Albany, or a contract by a steamer in the narrows of Richmond county to tow a vessel into New York, to be paid for on reaching port. In such cases the executory contract would be in one county, to be completed in another. Until completed no debt existed, and can there be a doubt that the legislature intended the specification to create a lien should be filed in the latter county. No purpose would be subserved by filing in Rensselaer in the one case, or in Schenectady, New York or Richmond, in the others. The intention of the legislature was to furnish a record where creditors and purchasers might seek for information, and in the counties where were located the ports at which such vessel had touched. That the legislature meant by the term " the county in which such debt shall have been contracted," was the port where a contract was performed, or completed, and became a debt, not the locality where a bargain was made. In this view the specification was properly filed in the New York clerk's office.

The statute requires that to continue a lien a specification of the same shall be sworn to by the person having the same, his legal representatives, agents or assignees. The specification in this case stated that the " Union Towing Company," composed, &c., had a lien upon the canal boat Sidney S. Cross, for towing, &c., and was signed C. T. Benjamin, agent. The proof of the agency of Benjamin was sufficient; as general agent he had the authority to sign such specification, it being an act in the business of his agency, and such signing was the act of his principal.

For enforcing the lien given by the act, it provides that any person having a lien may apply for a warrant to any officer authorised to perform the duties of a justice of the supreme court at chambers. In this case application was made to a justice of the supreme court, and the warrant granted by him. It is insisted that no authority to issue such warrant is vested in a justice of the supreme court

De Rutte agt. The New York, &c., Telegraph Company.

by the act, but only in such officers as are authorised by law to do what a justice can do at chambers. In this we differ from the learned counsel of the defendants, and hold that the authority exists with the justices of this court, equally with those authorised by law to perform their duties at chambers.

The bond sued upon seems to have been executed by all of the defendants; upon its face all are liable for such claim or demand as was established as due to the plaintiff. It was insisted that because Vincent, one of the sureties thereon, was objected to as not being a freeholder, held not competent for that reason, and another surety, Day, afterwards added, the bond again presented and then approved, that Vincent is not liable thereon; but objecting to Vincent for insufficiency, even though it were sustained and another surety added, would not release Vincent so long as his name was on the bond when finally accepted and property released. On the trial the plaintiffs' claim for towing was proved, the claim had been made a lien upon the boat, and was in force when the boat was seized; it was released upon delivery of the bond in suit; its execution by the defendants was duly proved; the jury have assessed that claim at $101.06, and for that sum.

Judgment for that sum should be directed for the plaintiffs, with costs.