JOHN A. SQUIRES, Appellant, *v.* ABIEL ABBOTT et al., Respondents.

A lien upon a vessel created by and under the provisions of the act "for the collection of demands against ships and vessels" (chap. 482, Laws of 1862), ceases when the vessel has left the port, unless the person claiming the lien files specifications thereof, as prescribed by said act (§ 2), "within twelve days *after* such departure;" specifications filed prior to the departure will not suffice. (EARL and DWIGHT, CC., dissenting.)

(Submitted September 23, 1874; decided January term, 1875.)

APPEAL by the plaintiff from judgment of the General Term of the Supreme Court in the first judicial department, affirming a judgment in favor of the defendants entered on the dismissal of the plaintiff's complaint.

This action was brought on a bond given to the plaintiff by the defendants to obtain the discharge of a vessel seized by virtue of a warrant of attachment issued pursuant to the provisions of the act entitled "An act to provide for the collection of demands against ships and vessels," passed April

24, 1862 (chap. 482 of the laws of that year), for the purpose of satisfying a lien thereon for a debt contracted on account of work done and materials furnished by the plaintiff, for or towards the construction of said vessel at the port of New York, previous to the 28th day of March, 1866, on which day there was claimed to be due therefor to the plaintiff the sum of $600.

The vessel after that day departed from the port of New York, and continued absent therefrom till the month of July next thereafter and was so absent at the expiration of six months after the said debt was contracted. The warrant of attachment was issued on or about the 1st day of August, 1867, and within ten days after the return of the vessel she was seized under it, and taken possession of by the sheriff of New York, and upon the execution of the bond on which the action was brought, she was on the 8th day of August, 1867, discharged from the attachment. Notice of the lien was filed in the office of the clerk of the city and county of New York, on the 28th day of March, 1866, and before the vessel left the port; no other notice nor any specification of such lien, except as embraced in said notice, was subsequently ever filed, and on that ground the complaint was dismissed. Further facts appear in the opinion.

*D. McMahon* for the appellant. The specifications of the lien, although filed prior to the departure of the vessel, and remaining on file after its departure, was a lien filed within twelve days after the vessel's departure. (Laws 1862, chap. 482, §§ 1, 2; *Onderdonk* v. *Voorhis*, 36 N. Y., 35; *Coleman* v. *Bean*, 3 Keyes, 94.)

*Stephen G. Clarke* for the respondents. The specifications of the lien not having been filed within twelve days after the departure of the vessel, in accordance with the provisions of the statute, no lien existed. (Laws 1862, chap. 482; *Velt-man* v. *Thompson*, 3 N. Y., 438, 441; *Sam Slick*, 2 Curtis, 480.) Unless the statute was strictly complied with no lien

could exist. (*Farrington* v. *Morgan*, 20 Wend., 207 ; *Bus-sing* v. *Bushnell*, 6 Hill, 382; *Davison* v. *Gill*, 1 East, 64; *Crawford* v. *Collins*, 45 Barb., 262, 272.) Defendants, by giving the bond, did not waive the point that plaintiff had neglected to file his specifications as provided by the statute. (*Sheppard* v. *Steele*, 43 N. Y., 52; *Onderdonk* v. *Voorhis*, 2 Robt., 24; *Delaney* v. *Brett*, 1 Abb. Pr. [N. S.], 421; *Vose* v. *Cockroft*, 44 N. Y., 415; *Homer* v. *Brinckerhoff*, 1 Den., 184; *In re Faulkner*, 4 Hill, 598.)

LOTT, Ch. C.   The only material question presented on the present appeal is, whether there had been a compliance with the requirement of the second section of chapter 482 of the Laws of 1862, entitled "An act to provide for the collection of demands against ships and vessels," for the continuance of the plaintiff's debt, as a *subsisting* lien on the vessel seized under the warrant of attachment issued under the act, at the time of exhibiting the same as provided therein.

The decision of it depends on the construction and meaning of the section, which is in the following terms, viz. : "Such debt shall cease to be a lien at the expiration of six months after the said debt was contracted, unless at the time when said six months shall expire such ship or vessel shall be absent from the port at which such debt was contracted, in which case the said lien shall continue until the expiration of ten days after such ship or vessel shall next return to said port; and in all cases such debt shall cease to be a lien upon such ship or vessel, whenever such ship or vessel shall leave the port at which such debt was contracted, unless the person having such lien shall, within twelve days after such departure, cause to be drawn up and filed specifications of such lien, which may consist either of a bill of particulars of the demand, or a copy of any written contract under which the work may be done, with a statement of the amount claimed to be due from such vessel, the correctness of which shall be sworn to by such person, his legal representative, agent or assign." "Such specification" is required by the third section of the

act "to be filed in the office of the clerk of the county in which such debt shall have been contracted, except that when such debt shall have been contracted in either of the counties of New York, Kings or Queens, such specification shall be filed in the office of the clerk of the city and county of New York."

It is conceded that no specification of such lien, in any form whatever, was filed *after* the vessel left the port of New York, at which the debt was contracted ; but it is claimed that a specification, which had been filed in the office of the clerk of the city and county of New York, *before* such departure, conformable in its terms to those specified in that section, was a sufficient and full compliance with its provisions. The courts below held otherwise, and we think correctly. It appears to us clear that the lien, existing under the act on a vessel ceases, if and whenever she leaves the port at which the debt creating it is contracted, after the expiration of twelve days subsequent to such departure, unless during the time such specification is filed. The language of the requirement in the section is, that, on the occurrence of such a contingency or event, the person having the lien " shall, within twelve days after such departure, cause to be drawn up and filed specifications of such lien " as therein specifically set forth. It contemplates *future* action to be taken by or on behalf of the party claiming the lien, the effect of which is to declare, by a public notice filed in a designated office, the nature and extent of the debt for which the lien is claimed, the correctness of which claim is to be sworn to by the party making it, his legal representative, or assigns. The evident intent or object of such requirement was to show a subsisting indebtedness at the time of the departure, and that it was unsatisfied when such verification thereof as above required was to be made, for the purpose, among other things, of enabling any person owning or interested in the vessel to have the lien on her discharged upon giving a bond and taking the proceedings for such discharge under the twenty-eighth and subsequent sections of the act. There may have been a sufficient reason, in the opinion of the legislature, for requiring such a specification of a debt or claim, duly verified, to be

filed after the vessel left port where it arose, although it was
not deemed necessary to file any while she remained at the
place where the debt was contracted. It may be conceded, as
claimed by the appellant's counsel, that the object of the
requirement of filing the specification of lien was *notice*, and
that such object is effected by filing it "whether *before* or
*after* the vessel's departure, provided the *limit of the filing*
is the twelfth day after the departure;" but the concession
does not show, or tend to show, that a notice filed *before* such
departure is the notice contemplated by the law, or is a com-
pliance with the requirement thereof, declaring that it should
be filed *after* such occurrence for the purpose of continuing
the lien. Assuming, as stated by the counsel, that "the spe-
cification of the lien in question, filed in March, 1866 (the
vessel departing soon after), is a lien filed *within twelve days
after the vessel's departure*," it is only on the assumption that
such a document once filed in a public office continues on file
thereafter, unless removed or taken from the files by lawful
authority; but it by no means follows that it is a filing within
the meaning of a provision requiring that a party, having a
lien at the time of such departure, shall, within twelve days
thereafter, "cause to be drawn up and filed specifications of
such lien." There is no direction for the filing of notice of
lien while the vessel is in port, or any provision to that effect.
It is, therefore, ineffectual for any purpose required or recog-
nized by the law, and although the facts stated in the specifi-
cation in question may have been true at the time it was veri-
fied and filed, the debt therein referred to may, nevertheless,
have been wholly or in part satisfied at the time the vessel
left, or within twelve days thereafter. It is certain that the
specification when made could not relate or refer to a state of
things or facts as they should subsequently exist, and there is no
color from any matter contained in the statute for the state-
ment or point, that "the true construction of the clause in
question is that the lien must be filed within a time after the
creation of it (by doing the work), limited by the twelfth day
after the vessel's departure." What has already been said

shows that the statute requires the verification and filing of the specification to be made *after* that event has occurred, and that no efficacy can be given to one *previously* verified and filed. A party claiming the special benefits conferred on creditors by the act must comply with the requirements prescribed thereby to give them these advantages and rights, and we find nothing in its language or in its spirit authorizing the conclusion that the plaintiff's lien continued when he exhibited his claim on procuring the warrant of attachment, which was subsequently discharged by the execution of the bond on which this action was founded. His claim or demand, therefore, was not one for which the defendants became liable. The inconvenience and confusion suggested by the counsel, that may result from the construction given to the statute by the courts below and approved by us, are matters proper for the consideration of the legislature, and may be relieved by that department of government, but do not authorize an unwarranted meaning to be given by the courts to its terms.

There was some evidence offered on behalf of the plaintiff, which, it is insisted, the judge on the trial improperly excluded. Assuming that the defendant Abbott (as it was proposed to show) had admitted to the plaintiff " that he had the money in his hands to pay the bill, and that it was correct," the proof was wholly immaterial. There was no question made on the trial as to the existence of the debt or its amount. The point in dispute was, as above stated, whether it continued to be a lien at the time of issuing the warrant of attachment, and the admission of the debt did not constitute an " estoppel " on that subject, or tend to establish it.

The plaintiff, in testifying as to the time when the vessel returned, wished to refer to memoranda made by himself on the morning of his examination, which he said would refresh his memory. This was excluded, and properly. It was not claimed that he could not speak with sufficient certainty without reference thereto, and the circumstances stated in relation to the occasion of making it, did not bring the question within the rule as declared either in *Guy* v. *Mead* (22 N. Y., 462),

or *Marcly* v. *Shults* (29 id., 346). His testimony, moreover, in fact showed that he had sufficient recollection of the time of such return to testify in relation to it, and he proved that he procured the attachment to be issued on the eighth day after she returned. The refusal to permit a reference to such memoranda, even if erroneous, was entirely harmless, and did not prejudice the plaintiff. It is, therefore, no ground for reversing the judgment appealed from. It follows from the view above expressed, that the judgment should be affirmed with costs.

Earl, C. (dissenting). In March, 1866, the plaintiff performed work upon the vessel, and filed specifications of his lien for such work before the vessel had departed from the port where she was when the work was done. Soon thereafter the vessel departed from the port, and the only question for our consideration is, whether the specifications were filed " within twelve days after such departure," within the meaning of section 2 of chapter 482 of the Laws of 1862. Section 1 makes certain debts a lien upon vessels. It is not necessary for the claimant to execute or file any papers to create the lien. The statute does this. Section two is as follows: " Such debt shall cease to be a lien at the expiration of six months after the said debt was contracted, unless at the time when said six months shall expire such ship or vessel shall be absent from the point at which such debt was contracted, in which case the said lien shall continue until the expiration of ten days after such ship or vessel shall next return to said port, and in all cases such debt shall cease to be a lien upon such ship or vessel whenever such ship or vessel shall leave the port at which such debt was contracted, unless the person having such lien shall, within twelve days after such departure, cause to be drawn up and filed specifications of such lien," etc. The defendants claim that the specifications mentioned in this section cannot be filed before the departure, and because they were thus filed in this case, that the plaintiff's debt ceased to be a lien.

The object of requiring specifications to be filed is to give record notice of the lien, and this is just as effectually accomplished by filing the specifications before as after the departure. It cannot be perceived how any beneficial purpose is to be served by confining the right to file the specifications to the twelve days immediately succeeding the departure, while it cannot be thus confined without causing some manifest inconvenience. A literal construction of the words used would require that the specifications should be both drawn up and filed within twelve days, and yet this will hardly be claimed. I think it was the intention of the legislature simply to require that the specifications should be filed before the expiration of the twelve days, and this construction is confirmed by chapter 422, Laws of 1863, which may be regarded as a statute *in pari materia*. That is a statute to amend the law of 1862, as to vessels navigating the western and north-western lakes. That statute requires simply that the specifications shall be filed before a certain date after the debt has been contracted. There is no requirement that they shall be filed after the departure of the vessel, and yet, if there were any good reason for requiring them to be thus filed, it would apply to such vessels as well as to vessels navigating other waters.

But if I am wrong in this construction, there is another view of the case equally fatal to the judgment. These specifications were delivered to the proper office before the departure of the vessel, and they were there on file during the twelve days after such departure. If the filing before the departure of the vessel was a nullity, it became operative when the vessel departed. (*Hathaway* v. *Howell*, 54 N. Y., 97.)

The judgment should be reversed and new trial ordered, costs to abide event.

For affirmance, LOTT, Ch. C., GRAY and REYNOLDS, CC.

For reversal, EARL and DWIGHT, CC.

Judgment affirmed.