EMMONS v. WHEELER.

*Canal boat — is a vessel. Objection — to validity of law.*

Canal boats are vessels within the " act to provide for the collection of demands against ships and vessels." (Laws 1862, chap. 482.) *Crawford* v. *Collins*, 45 Barb. 269, followed.

The objection that a statute was unconstitutional, *held*, not available upon a motion for a new trial upon exceptions ordered to be first heard at general term, such objection not having been taken at the trial.

MOTION by plaintiff for a new trial upon a case and exceptions ordered to be heard in the first instance at the general term after a nonsuit at the circuit.

The action was brought by Isaiah Emmons and another, against Sylvester A. Wheeler, and others, upon a bond given by the defendants on the release from a warrant of attachment of a canal boat, under the provisions of chapter 482 of the Laws of 1862, providing for the collection of demands against ships and vessels. The plaintiff was nonsuited at the circuit, upon the ground that a canal boat is not a vessel within the meaning of the statute.

*Cook & Fitzgerald*, for appellants.

*E. Thayer*, for respondents.

E. DARWIN SMITH, J. The circuit judge erred, we think, in directing a nonsuit, on the ground that the canal boat in question was not a ship or vessel, within the meaning of the act of April 25, 1862 (Laws 1862, chap. 482), providing for the collection of demands against ships and vessels. The statute speaks of two classes of vessels, one is described "*as sea-going or ocean-bound vessels*," and the other "*as any other vessel*." Canal boats are clearly embraced, we think, within this latter class, and we concur with the decision of *Crawford* v. *Collins*, 45 Barb. 269, which is a general term decision of this court, in the fourth district, decided in 1866, and expressly adjudicates this point. The attention of the learned judge was not called to this case at the circuit.

But, it is urged on the part of the respondent, that the act of 1862 is unconstitutional, and we are referred to the cases of *Bird* v. *Steamboat Josephine*, 39 N. Y. 19, and *Vose* v. *Cockroft*, 44 id. 415, in support of that proposition. This point was not taken at the circuit, nor in the defendant's answer, and no exception taken at the circuit presents it for our consideration, and the point must therefore be deemed waived. The case comes before us on exceptions taken at the circuit, and we can pass upon no questions except those arising upon exceptions duly taken to some decision made by the circuit judge at the trial, or in the final disposition of the cause.

The nonsuit should be set aside, and a new trial granted, with costs to abide the event.

*New trial granted.*