# LUCY A. NELSON, Respondent, v. ARTHUR G. YATES and FRANCIS A. SCHOEFFEL, as Sheriff, etc., Appellants.

*Lien upon vessels — 1862, chap. 482 — a sale is void unless the facts required by the statute are stated in the application — the voluntary appearance of a lienor does not give jurisdiction over the subject-matter.*

A canal boat, loaded with coal and consigned to the defendant Yates, at Buffalo, was sunk in the canal at Rochester, and there abandoned by its owner. Yates, who had a coal yard at Rochester, had the boat raised, towed to his yard, and there unloaded at his own expense. With the intent of procuring a lien upon the boat for the expenses so incurred, under chapter 482 of 1862, he presented an application in writing to the county judge, claiming to have expended ninety two dollars and ninety cents, as set forth in the following items, viz.: "For money paid out for raising said boat, towing and unloading, eighty-two dollars and forty cents; for money paid for coal used in stationary engine, three dollars and fifty cents; for money paid out for extra help at night in keeping said boat at dock, seven dollars." Pursuant to the proceedings so commenced the boat was sold and conveyed to the defendant Yates.

In this action brought by the plaintiff who, at the time above mentioned, held a chattel mortgage upon the boat to recover damages for its conversion by the defendants in this action:

*Held,* that the statute, under which the proceedings were had, gave no lien for the expenses incurred in raising the boat.

That the raising of the boat could not be considered as an incident to, and included in the "towing," within the meaning of the statute.

That as it could not be determined from the application that the expenses incurred in towing the boat exceeded twenty-five dollars, and that the expenses incurred in keeping or unloading it amounted to fifteen dollars, as is required by the statute to authorize proceedings to be prosecuted thereunder, the judge acquired no jurisdiction in the matter, and the sale was invalid.

The plaintiff in the present action appeared in the proceeding before the county judge and served an answer in which she alleged, among other things, that the application did not state sufficient facts to authorize the issuing of the warrant, which answer was, by stipulation, stricken out.

*Held,* that although her appearance might give the judge jurisdiction over her person, it could not confer upon him jurisdiction over the subject-matter, and did not therefore prevent her from disputing the validity of the sale in this action.

Appeal by the defendants from a judgment, entered on the report of a referee.

The action was brought to recover damages for the conversion of a canal boat. The defendants sought to justify a sale of it by virtue

of proceedings alleged to have been taken pursuant to the "Act to provide for the collection of demands against ships and vessels." (1862, chap. 482.) The plaintiff recovered a judgment, from which the defendants appealed.

*Earl B. Putnam*, for the appellants.

*Giles S. Piper*, for the respondent.

BRADLEY, J.:

The plaintiff sold the canal boat in question to one Hyde on the 30th day of October, 1882, and took from him a mortgage on the boat to secure the payment of the purchase-money, $1,000. Hyde took possession of and operated it until in July, 1883, when it sank in the Erie canal, at the city of Rochester, loaded with coal, consigned to the defendant Yates at Buffalo, who also had a coal yard at Rochester. The boat was abandoned by Hyde. It was afterwards raised and towed about three-fourths of a mile to the coal yard of Yates, and there unloaded at his expense, and for all which he paid eighty-two dollars and forty cents. And afterwards, with a view to proceeding under the statute (Laws 1862, chap. 482), to charge the boat with the amount of expenses, etc., and to collect them, presented to the Monroe county judge an application in writing, stating that the boat was loaded at Ithaca with a cargo of coal consigned to him at Buffalo; that while on the way it sank in the Erie canal at Rochester, and was abandoned by her master; that the consignee's agent incurred expenses to the amount of ninety-two dollars and ninety cents on behalf of the owner of the boat, on account of raising and towing, or getting said boat to a proper dock or place to unload her, and on account of unloading the said boat; that the items composing said debt of ninety-two dollars and ninety cents are as follows :

| | |
|---|---:|
| For money paid out for raising said boat, towing and unloading ........................................ | $82 40 |
| For money paid for coal used in stationary engine........ | 3 50 |
| For money paid out for extra help at night in keeping said boat at dock.................................. | 7 00 |
| Total being.................................. | $92 90 |

which is justly due to said Yates in whose behalf this application is
made, over and above all payments and just deductions." The
county judge issued the warrant applied for to the sheriff of Monroe
county, and by Yates' request he seized the boat. And it was
afterwards sold by him at public auction, by virtue of the proceed-
ing so instituted. The mortgagor had made default in payment of
a portion of the moneys secured by it, and the plaintiff as such
mortgagee, before the sale, advised the sheriff of the mortgage and
her claim to the property, and forbade the sale. The main question
is whether the application was sufficient to give jurisdiction to
issue the warrant and to support the proceeding which resulted in
the sale. The statute, so far as applicable, provides that whenever
a debt amounting to fifteen dollars or upwards shall be contracted
by the master, owner, charterer, builder or consignee of a vessel, or
the agent of either of them, within this State, on account of the
wharfage and expenses of keeping it in port, including the expense
incurred in employing persons to watch her, on account of load-
ing or unloading, or for advances made for procuring necessaries
for such vessel, or whenever a debt amounting to twenty-five dollars
or upwards shall be so contracted on account of the towing or
piloting, etc., such debt shall be a lien upon such vessel and shall be
preferred to all other liens thereon except mariners' wages. (Laws
of 1862, chap. 482, § 1.) And that the application shall exhibit
and specify : 1. By whom and when such debt was contracted and
for what vessel. 2. The items composing such debt. 3. The
amount claimed, and that the same is justly due to the person in
whose behalf the application is made, over and above all payments
and just deductions. (Id., § 5.) This statute is applicable to canal
boats navigating the canals of the State, and in that respect is an
enlargement of the provisions of the Revised Statutes which are
repealed by it (*Fralick* v. *Betts*, 13 Hun, 632 ; *King* v. *Greenway*,
71 N. Y., 413), and is designed to accomplish in the State, to a
limited extent, that which has been the maritime law of the civilized
world from a very early period, arising out of the necessities of
international commerce. (*The Emily Souder*, 17 Wall., 666.)

The proceeding in question is one *in rem.* afforded by statute only
and wholly dependent upon it ; and its purpose and effect being
to make the lien provided for effectual, and to divest title to prop-

erty the statute must be substantially observed, and the right to proceed affirmatively established in the manner provided for by it. The jurisdiction is derived from the application. If that fails in any material respect to present the case required by the statute, the proceeding and its results are ineffectual to afford any rights.

The expense of unloading the boat comes within that for which a lien may be produced, but with that of keeping it in port and of employing persons to watch her, it must amount to fifteen dollars for that purpose. This does not appear by the application of the libelant. The item of eighty-two dollars and forty cents includes the expense of raising, towing and unloading, without advising what amount was incurred for the latter, and no means are furnished by the libel to aid in determining that it amounted to fifteen dollars, or by including that for extra help, keeping the boat at dock, seven dollars, it amounted to fifteen dollars. The expense of towing is also included with that of raising and unloading, and therefore does not advise that it amounted to twenty-five dollars. The expense of raising the sunken boat is not within the statute. And for that there is no means given to ascertain what amount should be deducted from the eighty-two dollars and forty cents, or what would remain for the expenses of towing and unloading. This method of specifying the items of claim might, if permitted to support the proceeding, give opportunity to evade the statute and obtain a lien and make sale of property when the amount of expense of the character required was insufficient, and thereby the purpose of the statute would be defeated.

The application for the warrant must contain something for the judicial action of the judge to whom it is presented, and to enable him to determine that the requisite facts exist in support of it. And in such case the proceeding may not be subject to collateral attack, although in a direct proceeding for review his determination might be deemed error because of insufficiency of proof. (*Skinnion* v. *Kelley*, 18 N. Y., 355; *In re Faulkner*, 4 Hill, 598; *Van Alstyne* v. *Erwine*, 11 N. Y., 331; *Roderigas* v. *East R. S. Institution*, 63 id., 460–464.)

But when there is a total defect of proof, or none for judicial reason to reach the conclusion that the necessary facts exists, the officer has no jurisdiction and the proceeding founded upon it is

void. (*Staples* v. *Fairchild*, 3 N. Y., 41; *Brown* v. *Mayor*, 3 Hun, 685.) This was the character of the application upon which jurisdiction depended in this case. It gave to the judge no opportunity to judicially infer the requisite facts to constitute a lien or to support the proceeding. No means were furnished by it to estimate the amount of expense of towing or unloading, or that it was requisite to permit the warrant to issue.

It is contended by the defendant's counsel that the raising the sunken boat was incident to and included in the towing within the meaning of the statute. The term towing has a well defined meaning in navigation, and in the statute is used in connection with piloting. It is entirely distinct from raising a sunken vessel and, ordinarily, would not include the latter act. And nothing appears in the statute, when given the most liberal construction, which can imply that the expense of lifting a vessel from the bottom of a lake or canal was included in the following act of towing it into port or to a wharf. That has reference to floating a vessel, and to govern its course and give it progress under circumstances requiring such aid. The proceeding, when authorized under the statute to enforce a lien, has priority over an existing mortgage, and the defense would be complete if jurisdiction had been acquired to seize and sell the boat.

The plaintiff answered the libel in the proceeding, in which she alleged, amongst other things, that it did not contain sufficient facts to authorize the issuing the warrant, and the answer was stricken out by stipulation.

The defendant's counsel insist that this appearance, answer and stipulation rendered the proceeding *res adjudicata*, and estopped her from contesting its jurisdiction or effect. There was no trial of an issue of fact or law in the proceeding. And assuming that the plaintiff so appeared as to give jurisdiction of her person, so far as that was important, the question of jurisdiction of the subject-matter still remained.

The statute required notice to the owner, which may have been obviated by appearance. But this was a proceeding *in rem*, and the right to proceed depended on jurisdiction of the subject-matter. This the plaintiff did not waive.

The rule is different when the right to proceed is derived from

jurisdiction of the person of a defendant, which is the case in actions where the jurisdiction is general of the subject-matter.

The plaintiff is not disabled from alleging that the proceeding and sale were nullities. And because the application for the warrant did not state facts requisite to afford jurisdiction, that contention of the plaintiff is supported. And she had title to the property by virtue of the sale to her by the mortgage. This seizure, refusal to deliver and sale were evidence of conversion of the property.

None of the exceptions were well taken.

The judgment should be affirmed.

SMITH, P. J., BARKER and HAIGHT, JJ., concurred.

Judgment affirmed.