THE NIAGARA.[1]

GLADWISH and others *v.* THE NIAGARA.

GREASON and others *v.* SAME.

(*District Court, S. D. New York.* April 6, 1887.)

1. MARITIME LIEN—FILING SPECIFICATIONS—SALE OF VESSEL—DISTRIBUTION.

When a domestic vessel is libeled for supplies furnished her, and is sold before the expiration of the 30 days within which the state law requires specifications to be filed, and no specifications are filed at any time, *held*, that the proceeds in court should be distributed according to the liens upon her at the time the libels were filed.

2. SAME—SPECIFICATIONS—FILING AFTER VESSEL LIBELED.

Whether in any case the filing of specifications can be deemed necessary to the preservation of the lien after the vessel has been rightly libeled, and is in the custody of the court, and so continues until sold, *quære.*

In Admiralty.

*Alexander & Ash*, for libelants.

*Peter S. Carter*, for Winslow and others.

BROWN, J. The Niagara is a domestic vessel, against which libels have been filed in the above causes to recover for supplies furnished, the libelants claiming a lien therefor under the state law of 1886, c. 88, § 2. The claimant contends that no recovery can be had, because section 2 of that act provides that "in all cases such debt shall cease to be a lien upon such ship or vessel unless the person having such lien shall, within 30 days after said debt was contracted, cause to be filed in the county clerk's office a specification of the items of the debt," etc. The libel in the first cause above named was filed on the tenth of January, 1887; in the second case, on the twelfth of January, 1887. The vessel was arrested by the marshal on the tenth of January, and was sold on the thirty-first. The clause in the state law above quoted is a substitute for the provisions of the act of 1862, c. 482, § 2, which declared that the debt should cease to be a lien upon the vessel's leaving port, unless the party having the lien should, "within 12 days after her departure," cause such specifications to be filed, etc. Under that act, it was held that the filing of specifications *before* the departure was not a compliance with the act; and, unless they were filed within 12 days *after* the departure, a subsequent arrest of the vessel could not be sustained. *Squires* v. *Abbott*, 61 N. Y. 530; *King* v. *Greenway*, 71 N. Y. 413. But it was also held that, where the vessel was arrested and gave bonds for her release within 12 days after such departure, the filing of specifications was not necessary, because the bond given superseded any further need of specifiations. *Sheppard* v. *Steele*, 43 N. Y. 52; *Onderdonk* v. *Voorhis*, 2 Rob. (N. Y.) 24.

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

A part of the supplies in these cases was furnished during the month of December, upon an understanding that the bill therefor was to be rendered at the end of the month; and a part was furnished in the first above suit in the month of January, prior to the filing of the libel.    Before the expiration of the 30 days in which to file specifications, as regards the latter debt at least, the vessel had been sold by the marshal in this cause, and, as in the case last cited, there was no longer any question concerning a lien upon the vessel.    That terminated upon her sale by the marshal within the 30 days.    This lien, under the state law, was clearly valid up to the time of the sale.    The proceeds are in court for distribution.    The state law has no reference to distribution of the proceeds of sale by this court.    Filing any specifications in the county clerk's office after the sale of the vessel would be manifestly useless, and wholly outside of the purpose of the state act.

Whether in any case the filing of specifications can be deemed necessary to the preservation of the lien after the vessel has been rightly libeled, and is in the custody of the court, and so continues until sold, seems to be very questionable.    The presumptive purpose of filing specifications, namely, to give notice to other parties who may be interested in the vessel, would seem to be fulfilled by the filing of the libel and the custody of the marshal.    I am not, however, required to pass upon that question.    In this case the vessel, having been sold while the lien was valid under the state law upon any construction of that law, the proceeds of that sale now in court should be distributed according to the liens upon her at the time the respective libels therefor were filed.

Decree may be entered accordingly.