### KENYON *et al. v.* COVERT *et al.*

*(Supreme Court, General Term, Fourth Department. July 20, 1889.)*

1. MARITIME LIENS—CONSTRUCTION OF VESSEL—BUILDERS.
    One engaged in repairing a vessel under contract with the owner, by which the repairer agrees to furnish all the material and labor required for such repairs, is a builder of the vessel, within the meaning of Laws N. Y. 1862, c. 482, § 1, making any debt "contracted by the master, owner, charterer, builder," etc., of a vessel, "on account of work done or materials * * * furnished *. * * towards the building, repairing," etc., of such vessel, a lien thereon.

2. SAME—EVIDENCE.
    In an action to enforce such a lien for material and labor furnished such builder, evidence by plaintiffs that they furnished such labor and materials at the builder's request is admissible.

3. SAME.
    After the admission of such evidence, the reception of evidence that the builder said that plaintiffs' bill was correct, and that the owner would pay it, is not prejudicial to defendants.

Appeal from judgment on report of referee.

Action on attachment bond, given to secure the release of a vessel which had been attached under a lien for labor and materials furnished for repairing it, by Henry R. Kenyon and George J. Kenyon against Enoch Covert and Thomas G. Miller. Covert was the owner of a steam-yacht. Miller was a surety for Kenyon on the attachment bond. Judgment for plaintiffs, and defendants appeal. Laws N. Y. 1862, c. 482, § 1, cited in opinion, provides that any debt "contracted by the master, owner, charterer, builder, or consignee of any ship or vessel, * * * on account of work done or materials or other articles furnished * * * for or towards the building, repairing," etc., of such ship or vessel, shall be a lien thereon.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ. ·

*Almy & Bouton,* for appellants. *J. A. Elston,* for respondents.

HARDIN, P. J. Walter Burling was a boat-builder in June, 1887, at the time he was doing the repairs on the yacht Cygnus. Upon the evidence that fact was so found by the referee in the following words: "Walter Burling was a boat-builder, and had a place of business at Ithaca, N. Y., and that the defendant Enoch Covert was the owner of the yacht Cygnus. * * *" It was found by the referee that the contract was made and entered into between Burling and the defendant Covert, the owner, "by the terms and conditions of which Burling was to furnish all the material and labor required for said repairs, for an agreed gross price for the whole, to be paid him by the defendant Covert." The evidence and the finding of the referee bring Burling within the term "builder," as mentioned in section 1, c. 482, Laws 1862; and the "materials furnished" were "on account of * * * repairing," and they

therefore fall within the classification found in the first subdivision of the section just referred to.

We think the question insisted upon by the appellants, in respect to whether Burling was a builder or not, is conclusively resolved against the appellants by the case of *King* v. *Greenway*, 71 N. Y. 413. See, also, Smith, Chat. Mortg. 99. When the case of *Hubbell* v. *Denison*, 20 Wend. 181, was decided, the statute gave a lien in favor of a party contracting with "the master, owner, agent, or consignee of any ship or vessel within this state;" and it was there resolved that the builder is neither one of the persons enumerated in that statute. When the case of *Fralick* v. *Betts*, 13 Hun, 634, was decided, the case of *King* v. *Greenway*, decided in 1877, had not been reported, and the learned judge who delivered the opinion in *Fralick* v. *Betts* does not allude to, and probably had no knowledge of, the doctrine laid down in *King* v. *Greenway* when he prepared his opinion in the early part of 1878; and his limitation of the act of 1862, intimated in the opinion, was based solely upon authorities in cases which arose before the passage of the act of 1862. We are of the opinion that it is the duty of this côurt to follow the interpretation of the act of 1862, and the amendments thereof by chapter 422, Laws 1863, as laid down in *King* v. *Greenway, supra*.

When the plaintiff Henry R. Kenyon was upon the stand as a witness he gave evidence tending to show that Burling requested the plaintiffs to furnish the lumber and materials, and he was asked during his examination the following question: "*Question.* Did you after this conversation furnish the lumber and do the work on this boat to the amount of $73.06?" This was objected to as incompetent and immaterial. The objection was overruled, and the defendant excepted. The witness answered: "Yes, sir." We think the testimony was competent and material to the issue, and that the answer was properly received. Thereafter the witness was asked a question, to which he replied: "We had no further conversation excepting when I made out the bill." Then he was asked to state what that conversation was. The same objections were renewed, and there was an exception taken by defendant. The witness answered: "When I presented the bill to him, [Burling,] I asked him if it was correct, and he O. K.'d the bill, and signed his name to it, and gave it back to me with the remark that the owner would be here on Friday, and would pay the bill." It is to be observed that the objection taken was not that the declarations of Burling were incompetent, but rather that the evidence generally was incompetent. However, in dealing with the answer given by the witness, it is obvious that it was not improper that evidence should be received tending to show that the bill had been presented to Burling; and if it be conceded that the fact that Burling admitted the correctness of the bill by signing his name to it was inadmissible, still, as the principal fact had been shown previous to such declaration, to-wit, that the work and materials had been furnished, and the amount thereof, we are not at liberty to say the ruling or the reception of the evidence was prejudicial to the defendants. In the case of *Happy* v. *Mosher*, 48 N. Y. 320, the question whether all the lumber was used in the construction of the vessel, which the party sought to recover for, was "seriously controverted upon the trial;" and hence the declarations and admissions of Kahler and his agent were presented, and their admission, under the circumstances, was held to be error. We think that case does not warrant us in disturbing the judgment before us. Here the witness stated, viz.: "I can state that all this lumber we furnished was in the boat after it was repaired." These views lead to an affirmance. Judgment affirmed, with costs. All concur.