## THE GOLDEN ROD.

(Circuit Court of Appeals, Second Circuit. April 4, 1907.)

No. 253.

1. MARITIME LIENS—STATUTORY LIEN FOR SUPPLIES—NOTICE.

The fact that notice of a lien filed under the New York statute for supplies furnished to a vessel did not contain the name of the owner of the vessel is immaterial and does not invalidate the lien, where prior to the filing of such notice the claimant had instituted a suit in rem to foreclose the lien in which the vessel had been seized by the marshal.

[Ed. Note.—Maritime liens, see note to The George Dumvois, 15 C. C. A. 679; The Nebraska, 17 C. C. A. 102; The Electron, 21 C. C. A. 21.]

2. SAME—TIME FOR FILING NOTICE—RUNNING ACCOUNT.

Where supplies of coal for a vessel were ordered and delivered at different times a bill being rendered after each delivery, the several charges do not constitute a running account, but each constitutes a separate and distinct cause of action, and to entitle the seller to a lien for any item under the New York statute notice thereof must have been filed within 30 days, after such item was furnished or suit to enforce the lien must have been instituted within that time.

Appeal from the District Court of the United States for the Southern District of New York.

On appeal by the owner of the yacht Golden Rod from a decree of the District Court for the Southern District of New York condemning the yacht to pay a claim of $296.13 for coal supplied to the yacht between May 25, 1905, and June 22, 1905.

The facts fully appear in the opinion of the District Judge, which is reported in 145 Fed. 743.

Wilcox & Green, for appellant.

Wing, Putnam & Burlingham, for appellee.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

COXE, Circuit Judge. We are satisfied with the finding of the District Judge that the agent of the purchaser on board the yacht had authority to bind her for necessaries and that a lien was created under the state statute for coal furnished by the libelant to the Golden Rod.

The proof shows that the coal was delivered on board the yacht in May and June, 1905, as follows:

| | | | |
|---|---|---|---|
| May 25, | 5 | tons | $ 28 75 |
| June 1, | 10 | " | 57 50 |
| " 9, | 10 | " | 57 50 |
| " 19, | 5 | " | 28 75 |
| " 22, | 22½ | " | 123 63 |
| | | | $296 13 |

The specification of lien was filed in the county clerk's office July 19, 1905. The libel was filed July 14, 1905, and it is stated, and not denied, that on that day the yacht was seized by the marshal and was actually in his custody.

The criticism of the claimant that the notice of lien as filed was defective, in that it did not contain the name of the owner, need not be considered, for the reason that, prior to the date of filing, the yacht had actually been taken by the marshal on process issued out of the District Court.

The statute gives the materialman a lien for thirty days and during that time, as to a portion of the coal at least, the lienor commenced foreclosure proceedings by an action in rem and a seizure of the yacht. This was notice to all interested persons and rendered the filing of specifications in the clerk's office an idle and unnecessary proceeding.

We fully approve the doctrine of the Niagara (D. C.) 31 Fed. 163, where it is said:

"The presumptive purpose of filing specifications, namely, to give notice to other parties interested in the vessel, would seem to be fulfilled by the filing of the libel and the custody of the marshal."

The first three items, as stated above, were furnished more than thirty days prior to the filing of the libel or the notice of the lien in the county clerk's office. As to them, therefore, the lien had expired unless they may be considered as part of a running account.

The libelant's president testified that he rendered a bill for the coal after each delivery. We are inclined to think that each was an in-

dependent transaction and that an action could have been brought after the rendition of each bill.

"An account current is an open or running account between two or more parties, or an account which contains items between the parties from which the balance due to one of them is or can be ascertained, from which it follows that such an account comes under the terms of an open account in so far as it is running, unsettled, or unclosed." 1 Cyc. 363.

In order to constitute a running account there must be an uninterrupted and connected series of transactions; if all the terms be agreed upon so that each item constitutes a separate and distinct cause of action in itself there is no running account.

In Rockefeller v. Thompson, 2 Sanf. 395 (N. Y. Super. Ct.) Judge Vanderpoel says:

"Miller, the clerk of the boat, testified that the boat wanted painting every week or two, and whatever was wanted to be done, they ordered the plaintiffs to do: that the painting of certain parts of the boat was done at different times: they would wear the part painted two or three months, and then paint it again. This gives a fair idea of the character of the work. It was palpably not the result of one entire and indivisible contract. The plaintiffs could have presented their bills and enforced their claims from time to time."

We hold, therefore, that there was no lien as to the first three items amounting to $143.75.

It follows that the decree must be reduced to the sum of $152.38 with interest thereon from June 22, 1905, and the costs of the District Court, and the cause is remanded to the District Court with instructions to enter such a decree. Neither party to recover the costs of this court.